## THE FARMERS' LOAN AND TRUST COMPANY vs. THE WALWORTH COUNTY BANK.

*Equity — Interference with judgment — Surprise.*

The fact, that a party to a suit at law (or his counsel) was surprised at the ruling of the appellate court (holding that the reference of the cause to the judge of the court operated as a submission to arbitration, and refusing to review his decision), affords no ground for equitable interference with the judgment.

The Farmers' Loan and Trust Co. vs. The Walworth County Bank.

APPEAL from the Circuit Court for *Racine* County.

In 1859, the *Walworth County Bank* brought an action in said circuit court, to recover the value of certain railroad ties alleged to belong to it, and to have been taken from its possession and converted by the *Farmers' Loan & Trust Company*. Judgment was rendered for the plaintiff, which, on appeal, was reversed by this court, and a new trial ordered. 14 Wis. 325-31. Upon the second trial, the plaintiff again obtained a judgment for the value of the ties ; and this judgment was also reversed on appeal, and a new trial again ordered. 16 Wis. 629-33. The cause was then, by stipulation of the parties, referred to the judge of said circuit court for trial, with an agreement, that, upon the filing of his report, judgment might be entered, " with the same force and effect as upon the verdict of a jury." Pursuant to this stipulation, judgment was rendered for the plaintiff, on the referee's report ; and on appeal, this court held that such judgment was not subject to review by it. 22 Wis. 231-33. The present action was then brought to restrain the execution of said judgment ; and the grounds alleged for the relief will sufficiently appear from the affidavit for a rehearing, made in this court after the decision upon the former appeal (see 22 Wis. pp. 232, 233), and from the opinion, *infra*. After an answer had been filed, the defendant moved to dissolve a temporary injunction which had been granted on the filing of the complaint; and it appealed from an order denying the motion.

*John W. & A. L. Cary*, for the appellant.

*Fuller & Dyer*, for the respondent.

PAINE, J. This is clearly an attempt in equity to litigate over again the controversy involved in a former suit at law between the same parties, and to get rid of the judgment which the appellant obtained in that suit. There is no substantial ground for equitable relief set forth, unless it is found in the allegation of surprise at the ruling of this court — that the refer-

ence of the case at law to the circuit judge was, in effect, a submission to arbitration, and that the decision of the arbitrator would not be reviewed. This was a mistake of law, and is not of such a character as affords ground for equity to interfere with a judgment in a suit at law in which the parties had an opportunity to litigate the entire merits of their controversy. See *Danaher v. Prentiss*, 22 Wis. 311; *Railroad Co. v. Shippen*, 2 Pat. & Heath (Va.) 327.

There is nothing to show that the plaintiff might not, or even that it did not, avail itself in the suit at law of all the grounds of defense upon which it now seeks to avoid the judgment. It does not even appear that the mistake, such as it was, prevented this. Its only effect was to prevent a review on appeal. And it would be an extraordinary interposition on the part of a court of equity to set aside a judgment obtained, for aught that appears to the contrary, after a full and fair litigation upon the merits before the circuit judge, merely upon the ground that the counsel had, by a mistake of law, cut off the right of review.

The motion to dissolve the injunction ought to have prevailed, and the order refusing it must be reversed, with costs, and the cause remanded for further proceedings.

*By the Court.*—Ordered accordingly.