## STATE v. BENGE.

1. **Practice:** CONTINUANCE: MOTION FOR FILED TOO LATE. Where a motion for a continuance on the ground of the absence of a witness was filed after the second day of the term, and it appeared from the record that whatever necessity there was for the continuance existed and was known the day before, *held* that the motion was properly overruled, under section 2752 of the Code.

2. **Criminal Practice:** MOTION FOR ORDER TO SUBPOENA WITNESSES. A motion for an order to subpoena witnesses in behalf of defendant, made under section 3818 of the Code, was properly overruled, where the affidavit in support of the motion did not state with precision the facts which defendant expected to prove by the witnesses, and the facts if proved did not seem to be material or necessary to the defense.

3. **Practice in Supreme Court:** ERRORS NOT MADE OF RECORD NOT CONSIDERED. Rulings of the trial court, which are complained of as erroneous, cannot be considered when they are not properly made of record by bill of exceptions or otherwise.

4. ——: EXCEPTION TO TESTIMONY. Where the testimony of a witness covers two pages of the abstract, and it appears to have been excepted to only as a whole, and much of it was unobjectionable, this court will not reverse the cause for error in admitting any part of it.

5. **Criminal Practice:** INCOMPETENCY OF ATTORNEY AS GROUND FOR NEW TRIAL. In civil cases the rule is almost invariable that the incompetency of a party's attorney is no ground for a new trial; but in criminal cases, where the penalty is severe, the rule may, possibly, be adhered to less strictly; but, even then, there should be a strong showing both of incompetency and prejudice, which is not made by the facts in this case.

*Appeal from Appanoose District Court.*

WEDNESDAY, OCTOBER 17.

THE defendant was convicted of the crime of larceny, and sentenced to the penitentiary for three and one-half years. He appeals.

*George D. Porter*, for appellants.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—I. The property alleged to have been stolen

was a mare. The defendant filed a motion for a continu-
ance, which was overruled. He assigns as er-
ror the overruling of the motion. The motion
was based upon the ground of the absence of
material witnesses.

**1. PRACTICE: continuance: motion for filed too late.**

At what time the motion and affidavits were filed does not
appear, except so far as might be inferred from a recital in a
bill of exceptions in these words: "On the 12th and 13th days
of October, 1881, this cause coming on for hearing on the ap-
plication of the defendant for the continuance of said cause,
with affidavits" etc. But only one affidavit appears to have
been made as early as the 12th, and that was in regard to the
absence of one Davis, who had been subpoenaed the day pre-
vious. The affidavit shows the sickness of Davis, but does
not show that he would testify to any material fact for the
defendant, and the affidavit does not appear to have been ac-
companied by any motion. There was certainly nothing be-
fore the court on the 12th to justify a continuance. On the
13th, the defendant made another affidavit in regard to the
absence of Davis, which was not open to the same objection,
and which affidavit was accompanied by a motion. But on
the 13th it was too late, because, if there was any necessity
for a continuance on account of the absence of Davis, that
necessity had become apparent the day before. Where a mo-
tion for a continuance was not filed on the second day of the
term, as this was not, it should be filed as soon as it becomes
certain that it will be necessary. Code, § 2752.

The only other witness shown to have been subpoenaed
and not present was one Sarah Campbell. Whether any mo-
tion and affidavit for a continuance on the ground of her ab-
sence were *filed* in the case, does not appear. But it seems
to be certain that no hearing was had upon such motion and
affidavit, because the only hearings recited were upon the 12th
and 13th, and the affidavit in respect to Mrs. Campbell's ab-
sence was not made until the 14th, as appears from the jurat.
If the paper called an affidavit was before the court on the

State v. Benge.

13th, it had not been sworn to. We think that the court did not err in refusing a continuance.

II. The defendant moved, under section 3818 of the Code, for an order that certain witnesses be subpoenaed in his be-
**2. CRIMINAL practice: motion for order to subpoena witnesses.** half. The motion embraced the names of sixteen witnesses. The motion was overruled as to nine of them, and granted as to the others. The defendant assigns as error the overruling of the motion, so far as it was overruled.

The motion is supported by an affidavit showing what the defendant expected to prove by each witness. We have set out below the facts which the defendant expected to prove. Some of them are not stated with sufficient precision, and others do not appear to be material and necessary to the defense, as the statute contemplates. Omitting the names of the witnesses, and such facts as the defendant was allowed to prove, his statement is as follows: "I expect to prove where I was on the 28th of October, 1880; where I said I was going on the Monday preceding October 27, 1880; the hostility of Andrew Clemmie and his family, the prosecuting witness; that when D. McCarty and Quick came to Centerville, Andrew Clemmie showed me to them and said to them: 'There is the man I have arrested for stealing my mare,' and they said I was not the man; that Charley Quick came into an eating house, and I was there, and was pointed out to him as the man who stole Clemmie's mare, and he failed to identify me; that the night of October 27, 1880, was dark."

We do not see how the court below, looking upon this statement alone, could feel justified in granting the order asked upon the strength of it.

III. The defendant filed an affidavit of prejudice of the sheriff, under section 350 of the Code, and objected to his
**3. PRACTICE in supreme court: errors not made of record not considered.** serving any processes. But it is not shown that any order of court was asked or refused; nor is it shown that the sheriff served any processes. It is true that we find a statement in the abstract that he served processes, but such statement is not contained

in a bill of exceptions, nor is the fact otherwise shown; and it is expressly denied in an additional abstract by appellee, which is not replied to. We see no error of the court in this matter.

IV. The defendant filed a motion, under section 4293 of the Code, to set aside the indictment, upon the alleged ground that the names of the witnesses upon which it was found were not indorsed upon it before it was presented to the court. The abstract states that the motion was supported by an affidavit. The motion was overruled, and the defendant complains of the action of the court in this respect.

THE SAME:

No copy of the affidavit is set out in the abstract, nor is the alleged fact upon which the motion is based shown to us in any way. We cannot, therefore, say that the court erred.

V. The defendant assigns as error that the court erred in allowing the testimony of Andrew Clemmie to go to the jury. The abstract purports to contain about two pages of his testimony. Preceding the testimony, the abstract contains a statement in the following words: "The defendant at the proper time excepted to the admission and exclusion for the state of the following." It is not shown what was admitted, nor what was excluded, nor that any objection or ruling was made, otherwise than as might be inferred from the fact that an exception was taken.

4. ——: exceptions to testimony.

The complaint made in the argument is that improper testimony was admitted. Some of it is a narration of conversations with different persons, and is not material to the case. If an objection had been made, the court would doubtless have excluded whatever was immaterial. But it was not sufficient for the defendant to sit by and, after the testimony was given, to reserve an exception to the whole in a mass, including much that is unobjectionable, and without asking any ruling of the court.

VI. The attorney who appears for the defendant in this

court did not appear below. He complains that the defend-
ant's attorney below was incompetent, and failed
by reason of his incompetency to secure for the
defendant a fair trial, and he asks for a reversal
upon that ground.

5. CRIMINAL
practice : in-
competency
of attorney
as ground for
new trial.

The incompetency of an attorney does not ordinarily con-
stitute a ground for a new trial. In civil cases, the rule may be
regarded as almost invariable. *Boston v. Haynes*, 33 Cal., 31;
*Farmers' L. & T. Co. v. Bank*, 23 Wis., 249; *Burton v. Hyn-
son*, 14 Ark., 32; *Burton v. Wiley*, 26 Vt., 430. In criminal
cases, and especially in cases involving the life of the defend-
ant, the court would probably be justified in adhering to the rule
somewhat less strictly. *State v. Jones*, St Louis Court of
Appeals, May No. 1882, Western Jurist, 322. But in any
case, to justify a reversal upon this ground, there should be a
strong showing both of incompetency and prejudice.

While some of the positions taken by the defendant's coun-
sel below are manifestly untenable, we are not able to discover
any affimative acts which appear to have been prejudicial.
There was apparently some lack of diligence in the effort
made to obtain a continuance, and it may be that the defend-
ant was forced to trial in the absence of witnesses which he
ought to have had. But if it should be conceded that the
defendant in a criminal case ought to be granted a new trial
where, through lack of diligence of his counsel, resulting from
incompetency, he is forced to trial in the absence of witnesses
which he ought to have had, there should, at all events, be a
very clear showing that such was the fact. In the case at
bar, the trial commenced four days later than the filing of the
motion for a continuance, and there is nothing in the abstract
showing that the desired witnesses were not in fact present,
nor, if not, that they would have been able to testify to any
material fact. The defendant's affidavit as to what he expected
to prove by them, filed in support of his motion for a contin-
uance, is clearly not sufficient in an application for a new trial,
where the motion for a continuance was properly overruled.

We have seen that some immaterial evidence was introduced by the State, and no objection appears to have been made to it by the defendant's counsel in advance, nor motion afterward to exclude it. If the evidence had been greatly prejudicial, its introduction, without objection on the part of the defendant's counsel, or motion to exclude it, would have tended to show incompetency upon his part; and we are not prepared to say that there might not be a case of this kind in which we should feel justified in reversing and remanding for another trial. But the showing of prejudice in the case at bar is by no means strong.

We will say, in conclusion, that if the defendant is innocent, and has been wrongfully convicted through the notorious incompetency of his attorney below, as his present attorney claims, we have no doubt that such showing could be made to the executive as would address itself strongly to his clemency. We cannot ourselves interfere within the rules of law by which we are governed.

AFFIRMED