[Civ. No. 9471. Second Appellate District, Division One.—February 1, 1934.]

THE PEOPLE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

HOUSER, J.—The essential facts herein are that one Jack Coffee having pleaded "guilty" to a charge of petit larceny contained in an information theretofore filed against him in the superior court, and at the same time having admitted the additional fact (also charged against him in said information) that prior to the date on which said offense was committed he had been convicted of a felony and had "served a term therefor in a penal institution",—on application made by him to the superior court for probation, by an order of said court the said application was granted. Thereupon a petition for a writ of mandate was presented to this court for the purpose of procuring its order by which the superior court may be directed to vacate its said order by which the said defendant was granted probation and thereupon to pronounce judgment upon and against said defendant "according to law".

In the premises, the power of the superior court depends upon the construction which should be given to sections 667 and 1203 of the Penal Code. The pertinent provisions of the former statute are that "every person who, having been convicted of any felony either in this state or elsewhere, and having served a term therefor in any penal institution, commits petit theft after such conviction, is punishable therefor by imprisonment in the state prison not exceeding five years; . . . " And by the terms of the latter statute, it is provided that "probation shall not be granted . . . to any defendant unless the court shall be satisfied that he has never in any place been previously convicted of a felony, . . . "

In substance, as is stated in petitioner's closing brief, it is contended by the respondent herein "that when the pleading charges the defendant with the crime of petit theft and alleges that before the commission of the theft the defendant was convicted of a felony and served a term therefor in a penal institution, the felony is by operation of section 667 of the Penal Code a part of the crime of petit theft, and, therefore, upon conviction of the charge of petit theft, the

defendant 'has never in any place been previously convicted of a felony', within the meaning of section 1203, Penal Code, and the court may grant him probation''.

An examination of the several authorities cited by respective counsel herein discloses the situation that such authorities are not in complete harmony one with the other or the others with respect to the assumed foundational point that in an accusation of petit theft against a defendant, together with the allegation of the fact that prior to the commission by him of such offense he was convicted of a felony and ''served a term therefor'', the latter fact is an integral part of the offense charged. But from a reading of the provisions of the statutes to which attention has been directed, we are of the opinion that whether the point is or is not well taken is immaterial to the question here involved. From the record herein it affirmatively appears that in substance the defendant admitted not only his guilt as to the charge of petit theft, but as well that he had been ''previously convicted of a felony''; in which circumstances, by the express language of section 1203 of the Penal Code he was ineligible for probation.

It is ordered that the respondent herein be and it is directed to vacate its former order by which the defendant Jack Coffee was granted probation following his conviction of the crime of petit theft, and thereupon, in accord with the statutes in such cases provided, to pronounce judgment upon and against the defendant Jack Coffee for the commission by him of said offense of petit theft, with prior conviction of a felony (he theretofore having been convicted of a felony and having served a term therefor in a penal institution), as alleged in the information on file in the Superior Court in and for the County of Los Angeles.

Conrey, P. J., and York, J., concurred.