[Crim. No. 3011. Second Appellate District, Division Two.—September 15, 1937.]

THE PEOPLE, Respondent, v. PAUL LEACH, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was on May 26, 1937, convicted by a jury of the crime of burglary in the second degree. Judgment was pronounced by which defendant was sentenced to the state penitentiary at San Quentin but the execution of the sentence was suspended by the entry of the following order: ''Execution of sentence is suspended and defendant is placed on probation for a period of six years under the following conditions: Defendant must serve the first year of his probationary period in the County Jail. Road camp is recommended. Case is continued to June 2, 1937, at 9:30 A. M. for further disposition. Defendant is remanded.'' Thereafter the matter was continued until June 15, 1937, when the following order was made: ''Order heretofore made granting probation is vacated and set aside for the reason that the defendant is ineligible for probation. Defendant is remanded to the custody of Sheriff for execution of sentence.'' Defendant was not charged in the information with the prior conviction of a felony but upon passing on the application for probation the court had before it the record of the prior conviction of the defendant of the crime of burglary upon which he was placed on probation on September 6, 1933, for the term of three years. Probation was terminated in the prior case on November 26, 1936, and the proceeding was then dismissed.

If the court was without authority to grant probation the order of June 15th vacating the former order was proper. (*People* v. *Superior Court,* 136 Cal. App. 541 [28 Pac. (2d) 1076]; *People* v. *Hainline,* 219 Cal. 532 [28 Pac. (2d) 16, 17].) It is now contended by defendant that the court's order placing him upon probation was proper for the reason that the prior conviction had not been pleaded in the information. The answer to this contention is disclosed by an examination of section 1203 of the Penal Code and the sections immediately following. It is there provided that upon conviction of a public offense the court may consider an application for probation and may summarily deny it or grant the application at a later time to be fixed; that the matter be heard and determined in the presence of the defendant; that the court must refer the matter to the probation officer ''to investigate and to report to the court at a specified time, upon the circumstances surrounding the crime and concerning the

defendant and his prior record, which may be taken into consideration either in aggravation or mitigation of punishment; the probation officer must thereupon make an investigation of circumstances surrounding the crime and the prior record and history of the defendant and make a written report to the court of the facts found upon such investigation . . . '' The section further provides that the court may not grant probation to a defendant ''who used or attempted to use a deadly weapon in connection with the perpetration of the crime of which he was convicted, nor to one who in the perpetration of the crime of which he was convicted inflicted great bodily injury or torture, nor to any defendant unless the court shall be satisfied that he has never in any place been previously convicted of a felony, . . . ''

A convicted defendant is not entitled to be placed on probation as a matter of right but the power to grant probation may be exercised in the discretion of the court. ''Probation is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted.'' (*People* v. *Hainline, supra.*) In providing the procedure under which probation might be granted the legislature has required an investigation and report by the probation officer. This of necessity involves the bringing before the court of matters which have not been formally pleaded. The legislature clearly provided for the presentation to the court of matters outside the record in a criminal action. The language of the code on the specific point now before us is significant. It is provided that probation shall not be granted unless the court shall be satisfied that the defendant has never previously been convicted of a felony. It is not specified that probation shall be denied to those formally charged with a previous conviction or to those proved to have been previously convicted, but rather it is required that the court be satisfied that the applicant's record be clear of conviction of felonies. Manifestly the legislature did not require that formal pleading be made setting forth the former conviction. Since a convicted defendant has no right to demand probation, which is ''an act of grace and clemency'', the legislature could properly provide for denial of probation to one concerning

whom the court entertains doubt with regard to his previous felonious record.

Defendant refers to section 1203.4 of the Penal Code in which provision is made for the making of an order by the court, upon the discharge of a probationer after fulfilling the terms of his probation, by which the verdict of guilty be set aside. The section contains this provision: "provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed". It is to be noted that it is not provided that the prior conviction *must* be pleaded. The permissive word *may* is used. Apparently it was the intention of the legislature to give the right to the prosecution to plead prior convictions upon the commission of later crimes notwithstanding the placing of defendants upon probation and their discharge therefrom. The provision was added by the amendment of 1927 and, as stated in *People* v. *Hainline, supra*, "If, . . . any doubt existed in the minds of lawyers, judges and laymen as to the status of those who committed a second felony, such doubt was removed by said amendment. . . . " The purpose of the amendment was to definitely fix the status of second offenders who had previously been placed on probation after the commission of crime. The amendment did not purport to modify or limit in any way the conditions or procedural steps leading up to the granting of probation, which remained in force as set out in section 1203.

The order is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 14, 1937.