[Crim. No. 2994. First Dist., Div. Two. June 23, 1954.]

THE PEOPLE, Respondent, v. THOMAS WILLIAM TELL, Appellant.

James M. Dennis, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DOOLING, J.—This appeal is from an order denying a petition for *coram nobis* which sought the vacation of a judgment of conviction of violating section 288, Penal Code. The

appeal has been well briefed and argued by counsel appointed by this court at appellant's request. The sole ground relied upon is that the failure of the trial court to require a report of the probation officer before sentencing appellant was prejudicial error.

Penal Code, section 1203, so far as here pertinent provides: "probation shall not be granted . . . to any defendant convicted of the crime of . . . violation of section . . . 288 . . . of this code . . . unless the court shall be satisfied that he has never been previously convicted of a felony in this State nor previously convicted in any other place of a public offense which would have been a felony if committed in this State . . . ."

■ On cross-examination during the trial of the charge against him appellant admitted that he had previously been convicted of a felony, grand theft. This fact, under the quoted provision of section 1203, rendered appellant ineligible for probation and no prejudice could have been suffered by him through the court's refusal to order a report from the probation officer.

■ Appellant argues that under sections 969, 969½ and 1025 of the Penal Code the prior convictions must be charged in the indictment or information in order to be considered by the court in applying the provision of section 1203 above quoted. The court ruled otherwise in *People* v. *Leach,* 22 Cal.App.2d 525 [71 P.2d 594]. We are satisfied of the correctness of the reasoning and conclusion of the court in that case. The very language of section 1203, "unless the court *shall be satisfied* that he has never been previously convicted of a felony," shows on its face that the court is entitled to go beyond the issues framed by the indictment or information in determining whether the defendant is entitled to probation.

Order affirmed.

Nourse, P. J., and Kaufman, J., concurred.