[Crim. No. 5786.   In Bank.   Feb. 24, 1956.]

THE PEOPLE, Appellant, v. FREDERICK EDWARD
RIOS, Respondent.

Edmund G. Brown, Attorney General, William E. James,
Deputy Attorney General, S. Ernest Roll, District Attorney

(Los Angeles), Jere J. Sullivan, Lewis Watnick and Fred N. Whichello, Deputy District Attorneys, for Appellant.

Charles Chorna for Respondent.

TRAYNOR, J.—By information defendant was charged with one count of possessing marijuana in violation of Health and Safety Code, section 11500, a felony, and one prior conviction of violating the same section. His motion to set the information aside (see Pen. Code, § 995) was granted on the ground that all of the evidence of the crime other than admissions was obtained by an illegal search of his person in violation of his constitutional rights. The People appeal.

At the preliminary hearing Deputy Sheriff Henry of Los Angeles County testified that on May 27, 1955, he observed defendant sitting behind the wheel of an automobile parked across the sidewalk and obstructing pedestrian traffic. On approaching the car, Henry recognized defendant as a person he had arrested on March 17, 1955, on a narcotics charge. He spoke to defendant, who was wearing a short-sleeved shirt, and observed marks on his right arm that resembled the marks made by a hypodermic needle. He asked defendant if he was still using narcotics, and defendant stated that he had had his last "fix" or injection of heroin approximately two weeks ago. Defendant then stated that "I guess I have had it," and Henry repied, "Yes, you are busted now." Henry then made a routine search for weapons and found a marijuana cigarette in defendant's right front trousers pocket. Defendant thereafter told Henry that he was using marijuana "to kick the heroin addiction."

Section 836, subdivision 3, of the Penal Code provides that an officer may make an arrest without a warrant "When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it." The foregoing testimony of Deputy Sheriff Henry was sufficient to justify the magistrate in concluding that the defendant's arrest was lawful under this subdivision. From defendant's admission that he had taken an injection of heroin two weeks before, it could be inferred that he had possessed heroin in violation of Health and Safety Code, section 11500. Moreover, since the validity of an arrest does not depend on whether the defendant may in fact be found guilty of the offense for which he is arrested (*Coverstone* v.

*Davies,* 38 Cal.2d 315, 319 [239 P.2d 876]), and since in determining its validity the court is not limited to a consideration of evidence that would be admissible at the trial on the issue of guilt (*People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535] ; *People* v. *Gorg,* 45 Cal.2d 776, 780-781 [291 P.2d 469]), it is immaterial that defendant could not be convicted of possessing heroin without independent proof of the corpus delicti.

■ Section 841 of the Penal Code provides that "The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, except when the person to be arrested is actually engaged in the commission of or an attempt to commit an offense, or is pursued immediately after its commission, or after an escape." The magistrate was justified in concluding that this section was substantially complied with in this case. Defendant knew that Henry was an officer, and there is evidence that the expression "busted" is commonly used to indicate an arrest. Moreover, since defendant had just admitted the commission of an offense, the cause of the arrest was reasonably apparent. (See *People* v. *Martin,* 45 Cal.2d 755, 762-763 [290 P.2d 855] ; *Willson* v. *Superior Court, ante,* p. 291 [294 P.2d 36].)

■ Since the evidence justified the magistrate's conclusion that defendant's arrest was lawful, he properly relied on evidence secured by the search of defendant's person incident to that arrest to establish probable cause to believe defendant guilty of the offense charged.

The order is reversed.

Gibson, C. J., Schauer, J., Spence, J., and McComb, J., concurred.

Shenk, J., concurred in the judgment.

CARTER, J.—I dissent.

For the reasons stated in my dissenting opinion in *People* v. *Martin,* Crim. 5758, *ante,* p. 106 [293 P.2d 52], and *People* v. *Beard,* Crim. 5809, *ante,* p. 278 [294 P.2d 29], I would affirm the order in the case at bar.