[Crim. No. 7436. In Bank. Nov. 14, 1963.]

THE PEOPLE Plaintiff and Respondent, v. PEDRO IBARRA, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, As-

462

sistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

TRAYNOR, J.—Defendant appeals from a judgment convicting him of possession of heroin in violation of Health and Safety Code section 11500. He contends that the heroin introduced in evidence was obtained by an unlawful search and seizure, that he was denied his right to effective representation by counsel in that the deputy public defender representing him failed to object to the admission of the heroin, and that the trial court erroneously held him ineligible for commitment to the narcotics rehabilitation center.

About 12:25 A.M. on January 19, 1962, three police officers without a search or arrest warrant went to the apartment of Mrs. Santa Maria. They knocked on the door and said they were police officers. There was no response, and they knocked again. About two minutes later Mrs. Santa Maria opened the door. The officers testified that she motioned with her hand and arm for them to enter, and one officer testified that she told him to enter so the neighbors would not hear them. Mrs. Santa Maria testified that she did not in any way consent to the entry.

On entering the apartment, the officers saw defendant and observed on his arm injection marks of a type that suggested to them a recent injection of narcotics. Thereupon they arrested and searched defendant. The officers testified that they removed a tinfoil package of heroin capsules from defendant's pocket and that defendant snatched the package, obtained all but one of the capsules, and placed the package of capsules in his mouth. They choked defendant to prevent his swallowing the package but were unsuccessful. The one capsule retained by the officers, however, proved sufficient to show that defendant had been in possession of heroin. Defendant testified that he had possessed narcotics but maintained that he had swallowed them shortly before the officers arrived. He denied that the capsule of heroin introduced into evidence had ever been in his possession.

Since defense counsel made no objection to the admission of the heroin, the trial judge was not called upon to resolve the conflict between the testimony of Mrs. Santa Maria and that of the police as to her consent to their entry, nor was he called upon to determine whether the police had probable cause to arrest defendant. ■ The absence of any objection at the trial likewise precludes defendant from obtaining resolution of these issues on appeal. (*People* v. *Rojas,* 55 Cal.2d

252, 260 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252];
*People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573].)
Defendant contends that even though no objection was raised
at the trial, this court may reverse a conviction if undisputed
evidence shows an infringement of defendant's constitution-
al rights. (See *People* v. *Millum,* 42 Cal.2d 524 [267 P.2d
1039].) Defendant admits, however, that the lawfulness of
the officers' entry into the apartment involves a conflict in
the testimony. Although the undisputed record suggests that
the officers had no reasonable cause to arrest and search
defendant,[1] the prosecution may have had additional evi-
dence on this issue that it did not introduce because of de-
fendant's failure to object. We agree with defendant that
the officers' own testimony shows that in choking defendant
they exceeded the limits of permissible police activity. (*Roch-
in* v. *State of California,* 342 U.S. 165 [72 S.Ct. 205, 76 L.Ed.
183, 25 A.L.R.2d 1396].) Defendant's testimony and that of
the police, however, agree that the choking did not result in
the production of any evidence. We do not accept defend-
ant's contention that the choking so infected the entire trans-
action as to require the exclusion of evidence already in the
possession of the police before the choking. Accordingly, the
crucial issue presented by the evidence in the trial court was
whether the heroin taken from defendant's pocket was legal-
ly obtained. The importance of this issue was not diminished
by defendant's testimony that he had narcotics when the
officers knocked but swallowed them before he was searched,
for that testimony was impelled by the offer of the heroin
into evidence and it "cannot be segregated from that evi-
dence to sustain the judgment." (*People* v. *Dixon,* 46 Cal.2d
456, 458 [296 P.2d 557].)

Following the testimony on the search and seizure, the
trial court asked defense counsel if he wished to object to the
admission of the heroin. Defense counsel replied, "Well, your
honor, in view of the testimony from the defendant that the

---

[1]Recent cases indicate that injection marks alone do not give probable
cause for arrest (*People* v. *Ferguson,* 214 Cal.App.2d 772, 775-776 [29
Cal.Rptr. 691], but that they do if there is additional evidence suggest-
ing that defendant is a narcotics user *People* v. *Rios,* 46 Cal.2d 297
[294 P.2d 39]; *People* v. *Elliott,* 186 Cal.App.2d 178, 182-183 [8 Cal.
Rptr. 795]). In addition to the injection marks, the only evidence of
reasonable cause proffered in the present case was the opinion of the
officers that the marks were recent, and suggested an intravenous injec-
tion whereas physicians generally use intramuscular injections.

object in People's Exhibit WK-1 [the heroin] was not in his possession and was not taken from him, under such circumstances I could not make a motion to object to its introduction. So far as I know I would have no grounds since defendant has denied this was in his possession or taken from him." The court again inquired, "I take it therefore that there is no objection offered?" Counsel replied, "No, your honor"; whereupon the court admitted the heroin into evidence.

Defendant contends that the failure of his counsel to object demonstrates a lack of knowledge of the law that establishes a denial of his constitutional right to "effective aid in the preparation and trial of the case." (*Powell* v. *State of Alabama,* 287 U.S. 45, 71 [53 S.Ct. 55, 77 L.Ed. 157, 171-172, 84 A.L.R. 527, 541].) To justify relief on this ground, "an extreme case must be disclosed." (*Maye* v. *Pescor,* 162 F.2d 641, 643; see Fellman, The Defendant's Rights (1958) p. 124; Fellman, *The Right to Counsel Under State Law* (1955) Wisc.L.Rev. 281, 314; 4 U.C.L.A. L.Rev. 400, 403; *State* v. *Benge,* 61 Iowa 658, 662 [17 N.W. 100].) It must appear that counsel's lack of diligence or competence reduced the trial to a "farce or a sham." (*People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457]; *People* v. *Robillard,* 55 Cal.2d 88, 96-98 [10 Cal.Rptr. 167, 358 P.2d 295]; *People* v. *Hughes,* 57 Cal.2d 89, 99 [17 Cal.Rptr. 617, 367 P.2d 33].)

It is counsel's duty to investigate carefully all defenses of fact and of law that may be available to the defendant, and if his failure to do so results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled. (*People* v. *Mattson,* 51 Cal.2d 777, 790-791 [336 P.2d 937]; *People* v. *Avilez,* 86 Cal.App.2d 289, 296 [194 P.2d 829]; see also *Mitchell* v. *United States,* 259 F.2d 787, 793.) Thus, in *Brubaker* v. *Dixon,* 310 F.2d 30, the defendant sought habeas corpus on the ground that his counsel had failed to present the defense of diminished responsibility (see *People* v. *Gorshen,* 51 Cal.2d 716, 733 [336 P.2d 492]; *People* v. *Wells,* 33 Cal.2d 330, 343-357 [202 P.2d 53]) and to object to the admission of his confessions into evidence. In ordering a hearing on the allegations of the petition, the Court of Appeals stated: "Upon an examination of the whole record, we conclude that appellant alleged a combination of circumstances, not refuted by the record, which, if true, precluded the presentation of his available defenses to the court and the jury through no fault of his

own, and thus rendered his trial fundamentally unfair. Appellant does not complain that after investigation and research trial counsel made decisions of tactics and strategy injurious to appellant's cause; the allegation is rather that trial counsel failed to prepare, and that appellant's defense was withheld not through deliberate though faulty judgment, but in default of knowledge that reasonable inquiry would have produced, and hence in default of any judgment at all. The omissions alleged by appellant 'were not mere mistakes of counsel or errors in the course of the trial. If true, they constituted a total failure to present the cause of the accused in any fundamental respect. Such a proceeding would not constitute for the accused the fair trial contemplated by the due process clause. . . .' [*Jones* v. *Huff*, 152 F.2d 14, 15 (80 App.D.C. 254).]'' (310 F.2d at pp. 38-39; fns. omitted.)

 In the present case the record demonstrates that defendant's counsel did not know of the rule that defendant could challenge the legality of the search and seizure even though he denied that the heroin was taken from him and asserted no proprietary interest in the premises that were entered. (*People* v. *Martin*, 45 Cal.2d 755, 759-761 [290 P.2d 855]; *People* v. *Gale*, 46 Cal.2d 253, 257 [294 P.2d 13]; *People* v. *Colonna*, 140 Cal.App.2d 705, 707-709 [295 P.2d 490]; *People* v. *Silva*, 140 Cal.App.2d 791, 794 [295 P.2d 942]; *People* v. *Jager*, 145 Cal.App.2d 792, 799 [303 P.2d 115]; see also *Jones* v. *United States*, 362 U.S. 257, 261-267 [80 S.Ct. 725, 4 L.Ed.2d 697, 702-706, 78 A.L.R.2d 233, 239-243].) This rule should be a commonplace to any attorney engaged in criminal trials. It was established in *People* v. *Martin*, *supra*, within a year of this court's adoption of the exclusionary rule (*People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]) in one of the group of cases decided shortly after the *Cahan* case to articulate the rules governing the exclusion of illegally obtained evidence. It may be readily found in standard reference works. (Witkin, Cal. Evidence, § 24, pp. 34-36; 44 Cal.Jur.2d, Searches and Seizures, § 9, pp. 280-281; Martin, Probable Cause to Arrest and Admissibility of Evidence, Authorized by Attorney General Mosk (1960 rev. ed.) Printing Div., Documents Section, Sacramento, Defendant May Rely on Rights of Others, p. 219; McKinney, New Cal. Dig., Criminal Law, § 413.5 (4); West's Cal. Dig., Criminal Law, § 394.5 (2).)

Counsel's failure to research the applicable law precluded the exercise of judgment on his part and deprived defendant

of an adjudication of what was clearly the stronger of the two defenses available to him. There is no merit in the contention that counsel's failure to object to the introduction of the heroin into evidence may have reflected a considered judgment that by objecting he would weaken defendant's denial that the heroin was taken from him. There would have been no inconsistency in asserting that there was no consent to the entry and no probable cause to arrest and search and also that no heroin was found in defendant's possession. In any event, the record leaves no room for speculation. Counsel's statement to the court makes perfectly clear that his decision reflected, not judgment, but unawareness of a rule of law basic to the case; a rule that reasonable preparation would have revealed. Counsel's failure to object precluded resolution of the crucial factual issues supporting defendant's primary defense. It thereby reduced his trial to a farce and a sham.

█ Since the judgment must be reversed, we shall consider defendant's final contention, which may arise on retrial. He contends that the trial judge failed to exercise the discretion given him by Penal Code, section 6451. That section provides: ''Upon conviction of a defendant for any crime in any superior court, if the judge ascertains that the defendant is addicted or by reason of repeated use of narcotics is in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings or suspend the imposition of the sentence and direct the sheriff to file a petition to ascertain if such person is addicted to narcotics or in imminent danger thereof unless in the opinion of the judge the defendant's record and probation report indicate such a pattern of criminality that he does not constitute a fit subject for commitment under this section. . . .''

The trial judge determined that defendant was addicted or in imminent danger of addiction, and referred the case to another department of the superior court for a recommendation on defendant's eligibility for the narcotics rehabilitation program. That department replied that ''this case is being rejected as the defendant, according to the arrest record and probation report, has been twice convicted of a narcotic felony and on each occasion sentenced to federal prison. These priors coupled with the present offense would render him *ineligible* for the narcotic treatment center, *pursuant to § 6452 P.C.*'' (Italics added.) The trial judge there upon told defendant: ''I had hoped that Department 95 would

find you eligible for the treatment program so that you could be returned to ordinary life and have the opportunity to support your family as soon as they would pronounce you cured. Unfortunately they have not found you eligible because of the two prior convictions of violation of narcotics laws. . . . So, Mr. Ibarra, I have no alternative, under the law as it is written, but to impose a state prison sentence. . . .''

It is clear from this language that the judge did not exercise his discretion to determine whether defendant was a fit subject for the program, but instead decided that section 6452 barred defendant from the program. That decision was erroneous. Section 6452 reads in part: ''Sections 6450 and 6451 shall not apply to persons convicted of, or who have previously been convicted of . . . any offense set forth in article 1 (commencing with section 11500) or 2 (commencing with section 11530) of chapter 5 of division 10 of the Health and Safety Code . . . for which the minimum term prescribed by law is more than five years in state prison.'' Defendant has suffered no previous conviction that carried a minimum sentence of more than five years, and his present conviction, with only one prior conviction charged, carries a minimum sentence of five years. ''Five years'' is less than ''more than five years.'' (See *People* v. *Wallace*, 59 Cal.2d 548, 553 [30 Cal.Rptr. 449, 381 P.2d 185].)

The Attorney General maintains, however, that in deciding defendant's eligibility under section 6452, the trial judge could take notice of defendant's two prior convictions even though only one conviction was charged in the information.[2] A contrary interpretation, he contends, would operate to the disadvantage of persons in defendant's position in that district attorneys would henceforth charge all prior convictions in the information, thus compelling defendants to serve longer sentences. We are not persuaded that district attorneys otherwise inclined to dismiss prior convictions will refrain from so doing to render defendants ineligible for the rehabilitation program. If an allegation of a prior conviction will bar a defendant from the program, although the trial judge considers him a fit subject for rehabilitative treatment,

---

[2] In deciding whether defendant is a fit subject for the rehabilitation program (Pen. Code, § 6451), the trial judge may properly consider the defendant's probation report, including facts therein relating to prior convictions of the defendant not charged in the information.

that allegation should come before the court in a manner affording the defendant adequate opportunity to rebut the allegation. Charging the prior conviction in the information fulfills this requirement, but merely presenting the conviction in a probation report does not.[3]

The judgment is reversed.

Gibson, C. J., Peters, J., Tobriner, J., and Peek, J., concurred.

McComb, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Wood in the opinion prepared by him for the District Court of Appeal in *People* v. *Ibarra* (Cal.App.) 30 Cal.Rptr. 223.

Schauer, J., concurred.

Respondent's petition for a rehearing was denied December 11, 1963. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.

---

[3]*People* v. *Tell,* 126 Cal.App.2d 208 [271 P.2d 568], and *People* v. *Leach,* 22 Cal.App.2d 525, 527 [71 P.2d 594], holding that a trial judge may consider convictions not charged in the information in deciding a defendant's eligibility for probation under Penal Code section 1203, are distinguishable. Those cases rest on the language of section 1203, and in particular upon the requirement in that section that probation be denied "unless the court *shall be satisfied* that he had never been previously convicted of a felony." (Italics by the court in *People* v. *Tell, supra.*)