George H. STAUB, Petitioner,

v.

H. V. FIELD, Respondent.

Civ. No. 69–838.

United States District Court
C. D. California.

July 21, 1969.

George H. Staub, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner, a California State prisoner, presently incarcerated at the California Men's Colony, Los Padres, California, is seeking to set aside his 1967 conviction of a violation of section 10851 of the California Vehicle Code (unlawful driving or taking of a vehicle). In support of his petition for relief, he contends:

(1) that he was a victim of an unlawful arrest in light of the teaching of People v. Sesslin, 68 Cal.2d 418, 67 Cal. Rptr. 409, 439 P.2d 321 (1968); and

(2) that his attorney was incompetent, and thus he was deprived of his Sixth Amendment right to the effective assistance of counsel.

Petitioner did not appeal his judgment of conviction. He subsequently sought habeas corpus in the San Luis Obispo

Superior Court, and coram nobis in the San Mateo Superior Court. Both petitions were denied.

After reviewing the Petition for Writ of Habeas Corpus, the Response, Petitioner's Traverse, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

■ 1. Petitioner has failed to exhaust State remedies. He did not appeal, and it is apparent that his applications for habeas corpus and coram nobis relief did not "perfect an appeal throughout the State court hierarchy" before he requested relief from the Federal courts. Morehead v. State of California, 339 F.2d 170, 171 (9th Cir.1964). Despite petitioner's vague claim that there is no state remedy, this Court finds that California State Court procedures offer ample opportunity for appellant to air his grievances. Petitioner has not made a sufficient showing that there is an "absence of available state corrective process" or that there are "circumstances rendering such process ineffective". 28 U.S.C.A. § 2254.

■ However, we note that petitioner's contentions are so obviously without merit that this Court need not refer the matter to the State courts, but can deny the writ without affront to considerations of comity. Budd v. Rundle, 267 F.Supp. 49 (E.D.Pa.1967).

■ 2. Petitioner pled guilty to the offense charged and there is no showing that the allegedly invalid arrest in any way induced or forced petitioner to plead guilty against his will. Petitioner's conviction rests solely upon his voluntary plea of guilty. An otherwise valid guilty plea is not disturbed by the fact that there may have been some illegality in connection with the arrest. *See* Wallace v. Heinze, 351 F.2d 39, 40 (9th Cir.1965). Moreover, it is settled that defects in the procedure of an arrest are not grounds for discharge under Federal habeas corpus. Fernandez v. Klinger, 346 F.2d 210, 211–212 (9th Cir.1965).

The essence of petitioner's second contention is that he was illegally arrested, based upon the teaching of People v. Sesslin, 68 Cal.2d 418, 67 Cal.Rptr. 409, 439 P.2d 321 (1968). The *Sesslin* case holds that the issuance of an arrest warrant based upon information and belief, which does not allege underlying facts allowing the magistrate to independently find probable cause, is violative of the Fourth Amendment. Petitioner contends that the complaint in the instant case is insufficient, and thus void, in that it did not contain the necessary underlying facts upon which probable cause could be found. This contention is conclusory, vague and does not attempt to analyze the actual language of the complaint so as to clearly show which necessary facts were omitted.

■ This Court has reviewed a copy of the complaint in question and finds that sufficient facts were alleged to enable the magistrate who issued the warrant to independently arrive at a conclusion that the offense charged had been committed and that petitioner committed it. Petitioner gives no facts to support his conclusion that the warrant of arrest was invalid, and thus this Court finds that his contention is without merit.

■ 2. Petitioner's third contention, that he was denied his Sixth Amendment right to the effective assistance of counsel, is also without merit. This Court finds that petitioner has not sustained his burden of proving, as a matter of "demonstrable reality", that his trial counsel was incompetent. It does not appear that petitioner's counsel's alleged lack of diligence or competence reduced the trial to a "farce or a sham". People v. Reeves, 64 Cal.2d 766, 774, 51 Cal.Rptr. 691, 415 P.2d 35, cert. denied 385 U.S. 952, 87 S.Ct. 332, 17 L.Ed.2d 229 (1966); People v. Ibarra, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir.1966), cert. denied, 385 U. S. 863, 87 S.Ct. 119, 17 L.Ed.2d 90 (1966).

For the foregoing reasons, and it clearly appearing that an evidentiary hearing is not required, this Court finds that petitioner is not entitled to relief.

Therefore, it is hereby ordered that this Petition for Writ of Habeas Corpus be, and the same is, denied.