[Crim. No. 20499. Second Dist., Div. One. July 14, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
O'DELL WILLIAMSON, Defendant and Appellant.

## COUNSEL

O'Dell Williamson, in pro. per., Jack J. Gold, under appointment by the Court of Appeal, and Gold & Oda for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert F. Katz and William K. McCallister, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CLARK, J.**—Thirty-eight days after his last alleged sale of heroin to narcotics officers, defendant was arrested and charged with five counts of violating section 11501 of the Health and Safety Code. After the withdrawal of his motion pursuant to section 1538.5 of the Penal Code, he waived trial by jury and stipulated to submit the case on the transcript of the preliminary hearing, but reserved the right to offer further testimony and to renew all motions, objections and stipulations made at the prelimi-

nary hearing. After the court had read the preliminary transcript, but prior to judgment, defendant argued two legal motions without presenting further testimony. He was found guilty as charged.

Defendant now seeks reversal of his conviction, contending unconstitutional delay between the last sale and his arrest; failure of the court to explain the stipulation was tantamount to a plea of guilty; failure to waive his privilege against compulsory self-incrimination; and denial of effective assistance of counsel.

### Delay

Defendant fails to show, and the record does not reveal, facts which suggest prejudice resulting from mere passage of time between defendant's last criminal act and his arrest. (See *People* v. *Wright* (1969) 2 Cal.App.3d 732 [82 Cal.Rptr. 859].) The first contention is therefore rejected.

### Stipulation

Defendant next contends the stipulation to submit the case to the trial court on the transcript of the preliminary hearing was tantamount to a plea of guilty as defined by *In re Mosley* (1970) 1 Cal.3d 913 [83 Cal. Rptr. 809, 464 P.2d 473] but the trial judge failed to inform him so. He further argues, while he may have waived his rights to a jury trial and to confrontation of witnesses, he did not specifically waive his right to freedom from compulsory self-incrimination as required by the same case.

*In re Mosley, supra,* extending the principles announced in *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], held: "Stipulations which, in the circumstances of the particular case, are *in fact* tantamount to a plea of guilty . . . must be accompanied by an affirmative showing on the record that the defendant waives his right to freedom from compulsory self-incrimination . . . ." However, it is time we review the qualification stated in *Mosley* at page 927: "We do not hold in this case that a defendant's submission of his case to the trial court on the transcript of the preliminary [hearing] is ipso facto tantamount to a plea of guilty. As we have pointed out, there are many instances in which such submission would *not* have the same practical effect as a guilty plea. Our decision is simply that where, as in the instant case, the defendant submits his case on a transcript of the preliminary hearing which under the circumstances can offer him *no hope of acquittal,* such submission is tantamount to a plea of guilty and must be accompanied by the constitutional and statutory safeguards which such a plea entails." (Second italics added.)

In the case before us, the undisputed facts presented at the preliminary hearing clearly pointed to defendant's guilt. However, defendant did not concede defeat when he agreed to submit the matter on the transcript but rather reaffirmed his innocence while preserving his right to present additional evidence and legal argument in the "hope of acquittal." Although defendant did not later exercise his right to offer additional evidence, he did proceed to reargue the constitutional issue of pre-arrest delay and successfully attacked the constitutionality of an alleged prior conviction, hardly exhibiting the fatalism associated with a plea of guilty or its equivalent. Therefore, defendant's privilege against compulsory self-incrimination was not violated by the failure to recite what has too often become a meaningless ritual.

### Assistance of Counsel

Finally, defendant argues that his trial counsel was incompetent within the meaning of *People* v. *Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487] for the reason that the transcript reveals "there was the defense of entrapment" which his attorney failed to assert. There is no merit to defendant's last contention. To the contrary, the record indicates that defendant's trial counsel performed a difficult task with skill and vigor.

Judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 7, 1972.