[Civ. No. 51333. Second Dist., Div. Two. Aug. 10, 1977.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
RUBEN F. HOLQUIN et al., Real Parties in Interest.

---

**COUNSEL**

C. Stanley Trom, District Attorney, and Ronald C. Janes, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Richard E. Erwin, Public Defender, Kenneth Cleaver, Assistant Public Defender, and Bruce G. Jones, Deputy Public Defender, and Willard P. Wiksell for Real Parties in Interest.

## OPINION

**ROTH, P. J.**—Proceeding in mandate to require respondent court to vacate its order granting the motion of real parties in interest to suppress certain evidence. We granted an alternative writ.

### FACTS

Holquin and Chavez, real parties in interest, were charged with burglary. On the day of trial they renewed their motion to suppress evidence pursuant to Penal Code section 1538.5, and the motion was granted, suppressing their identity as the occupants of a certain vehicle, and suppressing the identity of two key witnesses against real parties. The events leading to the arrest of Holquin and Chavez were as follows:

At 8:30 p.m., February 10, 1977, the police received a report that someone had been injured in the 2500 block of Anchor, in Port Hueneme. Officer Jarosz contacted one David Morris who told him that he had seen two Mexicans run through an alley carrying a stereo, giving a general description of the two. Officer Jarosz then contacted one Peter Waco who said as he approached his front door, two people came out of his residence and one of them hit him. The officer determined that the home had been broken into. A search of the area failed to turn up suspects, but the officer did observe an orange 1971 Datsun station wagon near the Waco residence. The keys were in the vehicle and there was an open bottle of beer on the floor. The hood of the vehicle was still warm, after sunset. A detective was called and the vehicle was put under surveillance. At 10:30 p.m., the detective saw a 1965 Chevrolet pickup drive slowly past the Datsun, followed by a white 1965 El Camino. This process was repeated a total of three times. The pickup followed by the El Camino drove by each with lights off. The pickup stopped; it had four occupants; two of them alighted from the pickup and entered the Datsun and began to drive it away. One of the surveilling officers stopped the Datsun and the other officer stopped the turquoise Chevrolet pickup. Holquin and Chavez were in the turquoise Chevrolet; Dunkelberger and James were in the orange Datsun.

Holquin and Chavez were arrested, as were Dunkelberger and James. Dunkelberger later volunteered information concerning the commission of the burglary. The superior court held there was no probable cause for the arrests.

## DISCUSSION

█ It is clear from the record that a burglary and an assault and battery had been committed. Two persons, Morris and Waco, gave descriptions of the persons who may have committed the offenses. It is true that the descriptions were general and might have fitted a number of persons, but this is necessarily true in fleeting observation, and especially at night.

The police officers involved followed the only lead they were able to discover, namely, the orange Datsun which Officer Jarosz had never seen before in the area, its hood still warm after sunset, the keys in the ignition. It was certainly suspicious that one or more cars should cruise the area past the Datsun repeatedly, and then return with lights off, dropping off passengers to retrieve the vehicle. This alone would be sufficient to lead a man of ordinary care and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested was guilty. (*People* v. *Kilvington,* 104 Cal. 86 [37 P. 799]; *People* v. *Ingle,* 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577], cert. den., 364 U.S. 841 [5 L.Ed.2d 65, 81 S.Ct. 79].)

█ There is no mathematical formula to determine what specific facts constitute reasonable cause for an arrest; each case must be decided on the totality of facts and circumstances at the time an arrest is made. At bench there is no question that a felony had been committed. The surveillance of the suspected vehicle was a routine and proper piece of police work. The manner in which a team of vehicles led by Holquin and Chavez (who, as noted, had been identified) approached the vehicle would arouse the suspicion of any reasonable man.

However, the facts of the present case are amply sufficient to thoroughly alert much more than reasonable suspicion; the officers were in waiting because common sense told them someone would try to retrieve the Datsun. Failure to have made an arrest would be cause for just criticism. It is not necessary that a suspect be proven guilty before he is arrested. (*People* v. *Rios,* 46 Cal.2d 297 [294 P.2d 39].) █ Circumstances short of probable cause may justify officers in stopping a car in order to question the occupants, and the subsequent discovery of items

which cannot be accounted for can provide probable cause of arrest on suspicion of burglary. (*People* v. *McVey*, 243 Cal.App.2d 215 [52 Cal.Rptr. 269].)

█ We hold there was reasonable cause for the arrests in the present case. (*People* v. *Kilvington*, 104 Cal. 86 [37 P. 799]; *Michel* v. *Smith*, 188 Cal. 199 [205 P. 113]; *People* v. *Gorg*, 45 Cal.2d 776 [291 P.2d 469].)

Let a peremptory writ of mandate issue requiring respondent court to vacate its order of May 17, 1977, granting the motion of real parties pursuant to Penal Code section 1538.5, and to enter a new and different order denying said motion and to set the matter for trial.

Fleming, J., and Compton, J., concurred.

The petition of real party in interest Holquin for a hearing by the Supreme Court was denied October 27, 1977.