[Civ. No. 34808. Second Dist., Div. Two. Nov. 24, 1969.]

WAYNE DALE REINERT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Richard S. Buckley, Public Defender, Herbert M. Barish, Harold Shabo, and James L. McCormick, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Eugene D. Tavris, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**ALARCON, J. pro tem.**[*]—By information petitioner was charged with possession of marijuana in violation of Health and Safety Code, section 11530. His motion to set aside the information on the grounds that the evidence against him was obtained by an illegal search and seizure was denied and he now seeks a writ of prohibition to prevent his trial.

### Facts

On February 12, 1969, and two weeks prior to that date, Officer Richard Lopez of the Los Angeles Police Department received information from an informant that a person by the name of Wayne Reinert who resided at 5819 Gregory No. 6 was "dealing marijuana out of that apartment. And that on occasion this individual entered the hallway in a state of intoxication and offered sales to people in the hallway." The informant did not state whether he had seen the defendant sell marijuana. The informant, whose identity the officer refused to reveal on cross-examination, had furnished information on four occasions since October 1968 which resulted in four arrests. Officer Lopez went to 5819 Gregory on February 13, 1969, at 10:25 a.m. to investigate the informer's report. Prior to so doing, Officer Lopez did not make any effort to obtain a warrant of arrest or search from a magistrate. Upon arriving, Officer Lopez knocked on the door of apartment number 6. He was asked to identify himself by a woman. Officer Lopez replied that he

[*]Assigned by the Chairman of the Judicial Council.

was a police officer. He was told by the same person to wait until she dressed herself. After 30 seconds, the officer knocked again. The door was opened by Melody Lynn Jensen. Officer Lopez identified himself as a police officer, displayed his badge and identification card and told her that he was "conducting a narcotic investigation." The woman replied, "Yes, come in."

The petitioner's apartment contains a combination bedroom-living room plus a kitchen, bath, and closet. When Officer Lopez entered he observed the petitioner in bed under the covers. His eyes were dilated and his speech was thick. He appeared to have been asleep. Officer Lopez could not smell anything on his breath. From these observations, he formed the opinion that the petitioner was under the influence of a dangerous drug. Officer Lopez placed the defendant under arrest for a violation of Penal Code section 647, subdivision (f).

Officer Lopez then conducted a search of the apartment. In searching the closet he found a bag containing 28 grams of plant material, mostly seeds, inside a coat pocket. The petitioner and Melody Lynn Jensen were then placed under arrest for possession of marijuana.

### Legal Questions Raised By Petitioner

The petitioner contends that he was arrested without reasonable and probable cause and therefore the search of his apartment was unreasonable on the following grounds: 1. No probable cause existed for the arrest *of the petitioner* pursuant to section 647, subdivision (f) of the Penal Code. Therefore the search which followed was unreasonable.

2. The arrest cannot be based on the report of the informant since the record fails to show that reliance on the information was justified.

### Discussion

The petitioner was initially arrested without a warrant for a violation of section 647, subdivision (f) of the Penal Code. That section provides in pertinent part: "Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor: . . . (f) [w]ho is found in any public place under the influence of . . . any drug . . ." At the time of the arrest the petitioner was in bed in his apartment and not in a public place. Therefore the arrest for a violation of section 647, subdivision (f) was unlawful (see *People* v. *DeYoung,* 228 Cal.App.2d 331, 337 [39 Cal.Rptr. 487]). Accordingly, the search of the premises here involved cannot be justified by the initial arrest for a violation of section 647, subdivision (f).

The People concede that the officer had no probable cause for an arrest for a violation of section 647, subdivision (f). Nevertheless, the People contend that the officer had a right to arrest the petitioner for a violation of section 11910 of the Health and Safety Code, possession of restricted dangerous drugs.[1] It is the People's theory *before this court* that since Officer Lopez testified that the petitioner appeared to be under the influence of a restricted drug the officer had reasonable cause to arrest the petitioner for possession of restricted dangerous drugs pursuant to Penal Code, section 836.[2]

The only evidence presented by the People concerning the basis for the initial arrest of the petitioner (for being under the influence of a dangerous drug) was the following testimony by the arresting officer: "Upon entering [the apartment] I observed the defendant Reinert laying in bed under the covers.

"And I noticed that his eyes were dilated and that when I spoke to him, or rather when he spoke to me, his speech was thick.

"And that I could not smell anything on his breath. And I, at that time, formed the opinion that he was under the influence of a dangerous drug." On cross-examination Officer Lopez testified that the petitioner appeared to have been asleep just prior to the arrest. No tests were conducted by Officer Lopez to corroborate his opinion.

■ No attempt was made by the People to qualify Officer Lopez as an expert on the objective symptoms of drug use. Nor is there any evidence in the record before us to establish the symptoms of a person who is under the influence of a restricted drug. This condition is not a matter of generalized knowledge that is so universally known that it cannot reasonably be the subject of dispute. Therefore, it cannot be the subject of judicial notice (Evid. Code, § 451).

■ We must determine as a matter of law whether the condition of the petitioner as observed by Officer Lopez was sufficient to constitute reasonable cause to believe that the petitioner was under the influence of a

---

[1] Section 11910 of the Health and Safety Code provides in pertinent part: "Except as otherwise provided in Article 8 (commencing with Section 4210), Chapter 9, Division 2 of the Business and Professions Code, every person who possesses any restricted dangerous drug except upon the prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state shall be punished by imprisonment in the county jail not exceeding one year, or in the state prison for not less than one year nor more than 10 years . . . ."

[2] Penal Code, section 836 provides in pertinent part: "A peace officer . . . may . . . without a warrant, arrest a person: . . . 3. Whenever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed."

restricted dangerous drug. The only symptoms observed by the officer were thick speech and dilated eyes. No test was performed by the officer to determine if this condition was caused by the fact the petitioner had been asleep prior to his arrest. No questions were asked by Officer Lopez prior to the arrest to determine the cause of the petitioner's physical condition. We have no evidence before us to support a finding that because of Officer Lopez's past experience he was justified in forming his opinion prior to the arrest that the petitioner was under the influence of a restricted drug based solely on the appearance of his eyes and his manner of speaking. On the basis of the facts before us there was no reasonable cause for the arrest of the petitioner without a warrant. We believe that the search of a man's home must be justified by more substantial facts than were present in this case.

The People have referred us to *People* v. *Rios,* 46 Cal.2d 297 [294 P.2d 39] in support of their contention that the evidence in the matter before us was sufficient to show the existence of probable cause for the arrest and the subsequent search and seizure. However, an analysis of the facts in *People* v. *Rios, supra,* clearly demonstrated that the facts of this case are clearly distinguishable and exposes the weakness of the People's position in the matter before us. In *Rios, supra,* Deputy Sheriff Henry testified that prior to arresting the defendant he made the following observations: 1. The defendant was sitting behind the wheel of his car parked across a sidewalk obstructing pedestrian traffic. 2. Upon approaching the car, he recognized the defendant as a person he had previously arrested on a narcotics charge. 3. He observed marks upon his arm which resembled those made by a hypodermic needle. 4. He asked the defendant if he was still using narcotics, and the defendant replied that his last "fix" or injection of heroin occurred approximately two weeks ago. The Supreme Court held that these facts were sufficient to constitute probable cause for an arrest for possession of heroin.

In the instant matter, unlike the facts in *Rios, supra,* 1. when first observed by the officer, the petitioner was in bed in his apartment and not engaged in illegal or unusual behavior upon the public streets. 2. There is no evidence that the arresting officer had ever seen him before. 3. There were no objective bodily signs of injection or ingestion of any substance such as needle marks. 4. There was no evidence of any interrogation of the petitioner by the officer prior to the arrest as to whether the petitioner had used dangerous drugs in the past or as to the reason for his appearance and physical condition (thick speech and dilated eyes). Had the officer questioned the petitioner prior to arresting him, he might have determined that the petitioner's symptoms were caused by being awakened from a deep sleep coupled with surprise and fear at the unanticipated presence of a policeman in his bedroom. Or, the officer, as in *Rios, supra,* might have received an

admission of guilt of possession of dangerous drugs. We believe the officer moved precipitously without proper regard for the constitutional rights of an individual in the sanctuary of his own bed.

The People did not attempt to justify the search *before the magistrate* on the theory that the officer had reasonable grounds to arrest the petitioner for a violation of section 11910 of the Health and Safety Code. The only evidence presented to the magistrate to justify the search concerned the informer's report and the arrest for a violation of Penal Code, section 647, subdivision (f). ■ Before this court the People have conceded that these two theories are legally insufficient to justify the search and seizure. However, the People now ask us to consider a third theory which was not presented to the magistrate. To permit the People to inject this new theory into the case would deprive the petitioner of a fair opportunity to present an adequate record in response. The petitioner was entitled to assume that the justification for the search was presented before the magistrate. He had no opportunity to mount a legal attack on the theory advanced for the first time before this court, nor to present evidence on cross-examination to rebut the factual basis underlying the additional justification for the search (see *Giordenello* v. *United States,* 357 U.S. 480, 488 [2 L.Ed.2d 1503, 1510, 78 S.Ct. 1245]; *People* v. *Chimel,* 68 Cal.2d 436, 440-441 [67 Cal.Rptr. 421, 439 P.2d 333]).

■ Since we have concluded there was an insufficient basis for the arrest of the petitioner, the warrantless search which followed was unreasonable.

The People have forthrightly conceded that the arrest cannot be justified on the basis of the informer's tip since the record before us is unclear as to whether the informer based his information on personal observation or hearsay. We agree. (See *Aguilar* v. *Texas,* 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509]; *Spinelli* v. *United States,* 393 U.S. 410 [21 L.Ed.2d 637, 89 S.Ct. 584]; *People* v. *Hamilton,* 71 Cal.2d 176, 180 [77 Cal.Rptr. 785, 454 P.2d 681].)

Let the peremptory writ of prohibition issue as prayed.

Roth, P. J., and Wright, J., concurred.