[S.F. No. 22807. In Bank. July 13, 1972.]

JACK GALLEGOS MESTAS, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Sheldon Portman, Public Defender, Rose Elizabeth Bird, Anthony E. Scarr and Terry A. Green, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Edward P. O'Brien, Eric Collins, John T. Murphy and Don Jacobson, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**TOBRINER, J.**—Defendant seeks mandate to review an order of the superior court denying his motion to suppress evidence discovered in a routine inventory search of the trunk of his car. Condemned in our opinion in *Mozzetti* v. *Superior Court* (1971) 4 Cal.3d 699 [94 Cal.Rptr. 412, 484 P.2d 84], this type of search cannot be redeemed by belated theories actually advanced in this case for the first time at the appellate level and by untimely justifications for the search not invoked by the searching officers themselves. A writ of mandate should issue to set aside the superior court's denial of the motion to suppress.

At 5:25 a.m. on November 2, 1970, San Jose Police Officers Saunders and Reuter went to 699 Vine Avenue to investigate a complaint about a prowler. Informed by the complainant that the prowler was in the backyard of the adjoining residence, the officers entered that yard and discovered defendant lying on the ground. Defendant wore only a trench coat, a bandana, and a wig. He arose and walked toward the street. The officers intercepted him on the front sidewalk and arrested him for prowling (Pen. Code, § 647, subd. (g)) and burglary (Pen. Code, § 459). A search of the trench coat pockets subsequent to the arrest turned up a food coupon book, a flashlight, and $15.48 in bills and change.

Defendant told the officers that he had parked his car nearby, that he was concerned about its safety, and that he had left some clothing in the car. The officers located the car around a corner, about four houses distant from the place of arrest. They removed the clothing from the car, and locked the vehicle. Defendant dressed; the officers took him to the police station.

Officer Saunders immediately made arrangements for the car to be impounded, and in connection with the impoundment conducted a thorough search and inventory of the vehicle's contents. In the course of that search he opened the trunk and discovered a woman's purse with two wallets in it. The purse and wallets had been stolen from a residence on October 18, 1970; defendant was therefore charged with the burglary of that residence and, in a second count, with receiving stolen property.

■ Defendant moved under Penal Code section 1538.5 to suppress the evidence—the purse and the two wallets—found in the search of the trunk. The parties submitted the motion on the transcript of the preliminary hearing. At the hearing, defense counsel asked Officer Saunders, "What was your purpose in inventorying the contents of the vehicle?" The officer replied: "It is something that we have to do because it is our responsibility, and it is stored and we have a form we have to fill out stating everything inside the car." Neither officer articulated a belief, or even a suspicion, that the car might contain weapons, contraband, or evidence of crime.

Since the officers examined defendant's car without a warrant, the burden falls upon the prosecution to justify the search. (*Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) The officers' testimony shows that they undertook the search as a routine inventory procedure; indeed, the district attorney sought to uphold the search as "a reasonable *inventory* of the vehicle that was impounded." (Italics added.) The parties argued no other justification for the search; the superior court considered no other.

Our decision in *Mozzetti* v. *Superior Court* (1971) 4 Cal.3d 699 [94 Cal.Rptr. 412, 484 P.2d 84], condemned the common police practice of routinely searching and inventorying the contents of all impounded vehicles; while the police may observe and inventory items in plain sight, they may not, in the absence of probable cause, open and search closed areas of the vehicle or closed containers within the car. (See 4 Cal.3d at p. 707.) We find that *Mozzetti* controls the present case; we conclude that the superior court erred in denying defendant's motion to suppress the evidence in question.[1]

■ The Attorney General adopts the arguments, first advanced in the opinion of the Court of Appeal, that the search of the trunk could have been justified as a search incident to defendant's arrest for prowling

---

[1]Although the search in the present case antedates the filing of our opinion in *Mozzetti* v. *Superior Court* (1971) 4 Cal.3d 699 [94 Cal.Rptr. 412, 484 P.2d 84], our declaration in *Gallik* v. *Superior Court* (1971) 5 Cal.3d 855, 860, fn. 4 [97 Cal. Rptr. 693, 489 P.2d 573] established that *Mozzetti* was fully retroactive.

or for burglary; he urges as an alternative basis that the police had probable cause to search the car for contraband or evidence of crime. The first argument—the attempt to justify the search as incident to an arrest— clearly fails. ■ A search incident to an arrest is limited to the arrestee's person and "the area from within which he might gain possession of a weapon or destructible evidence." (*Chimel* v. *California* (1969) 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034].) ■ Once the police had taken defendant to the police station, removing him from the vicinity of his car, the subsequent search of that car could not be considered incident to defendant's arrest.[2] *Chambers* v. *Maroney* (1970) 399 U.S. 42, 47 [26 L.Ed.2d 419, 426, 90 S.Ct. 1975], definitely settled this issue: "the reasons that have been thought sufficient to justify warrantless searches carried out in connection with an arrest no longer obtain when the accused is safely in custody at the station house."[3]

The proffered alternative theory that the police had probable cause to search defendant's car for contraband or evidence of crime presents a more difficult question. This approach rests on the proposition that defendant's nocturnal activities indicated that he may have been a thief and that this possibility afforded the officers probable cause to believe defendant's car contained stolen property. This argument could draw support from the fact that the record indicates that defendant had suffered three prior convictions for burglary. The record, however, fails to show that the officers at the time of the search knew that such convictions had occurred.

---

[2]Defendant was arrested around the corner and about four houses away from the site of his car; thus at the time of arrest no danger threatened that defendant would seize weapons or destroy evidence in the vehicle. At defendant's request, however, the officers took defendant to the car to dress himself. At this point, the officers would have been justified in searching the car to avert the danger that defendant's request was a ruse to permit him to get within reach of a weapon or destructible evidence. The actual search of the car, however, did not take place at this time but occurred *after* defendant had been removed from the vicinity of the car and taken to the police station.

[3]The Attorney General cites *People* v. *Webb* (1967) 66 Cal.2d 107, 118 [56 Cal. Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708], in which we stated that "the classic justifications for the doctrine of search incident to an arrest, i.e., the need to discover hidden weapons and the need to prevent the destruction of evidence by the defendant, are not exclusive. . . . [O]ther circumstances surrounding an arrest may make it reasonable for a police officer to search a defendant's car without a warrant even after the defendant has been removed from the scene and hence can no longer use any hidden weapon or destroy any evidence in the car." *People* v. *Webb,* however, was written before the Supreme Court decided *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], and *Chambers* v. *Maroney* (1970) 399 U.S. 42 [26 L.Ed.2d 419, 90 S.Ct. 1975]. Those decisions clearly hold that circumstances surrounding an arrest will justify a search of the car after the defendant has been removed from the scene only if those circumstances show probable cause to search for contraband or evidence.

Indeed, one of the officers testified that he had not received any report that a burglary had been committed in the area of the arrest. Moreover defendant's attire, and lack of attire, characterize the exhibitionist rather than the burglar.

We need not, however, decide whether these facts objectively support the asserted probable cause to search the car for evidence or contraband because the record does not show that the officers harbored a subjective belief that the car probably contained such items. (See *People* v. *Miller* (1972) *ante,* pp. 219, 226 [101 Cal.Rptr. 860, 496 P.2d 1228]. Our opinion in *People* v. *Superior Court [Simon]* (1972) *ante,* page 186 [101 Cal.Rptr. 837, 496 P.2d 1205], states that "The purpose of the exclusionary rule—to deter unreasonable searches and seizures by law enforcement officers—would clearly be frustrated if the courts were required to uphold a search conducted on unreasonable grounds simply because the prosecuting authorities belatedly managed to devise an alternative theory on which the arresting officer *could* have acted reasonably if he had known of it. . . . Accordingly, just as a warrantless arrest or search cannot be justified by facts of which the officer was wholly unaware at the time . . . , so also it cannot be justified on theories thereafter invented for the consumption of reviewing courts. . . ." (*People* v. *Superior Court [Simon]* *supra, ante,* at p. 198; see *People* v. *Miller* (1972) *ante,* pp. 219, 226-227 [101 Cal.Rptr. 860, 496 P.2d 1228].)[4]

Although *Simon* speaks of justifications for search invented by the prosecuting authorities, *Simon's* argument applies equally to the initiation of such new justifications for search by the reviewing court itself. The court, at the appellate level, cannot invoke a new theory based upon the premise that the arresting officer in making the search *could* have acted reasonably upon a particular ground when the prosecution has failed to make a factual showing at the original hearing that the arresting officer did act upon that ground. (See *People* v. *Superior Court [Simon]* (1972) *ante,* pp. 186, 198-199 [101 Cal.Rptr. 837, 496 P.2d 1205]; *People* v.

---

[4]The Attorney General cites *People* v. *Shaw* (1971) 21 Cal.App.3d 710 [98 Cal. Rptr. 724], in which the court, discussing an inventory search, said that "Although the search cannot be upheld for the reason given by the officer, if in fact reasonable cause for the search existed, the statement of the officer that he based his authority to search on a ground subsequently disapproved by the Supreme Court does not vitiate the validity of the search if other valid ground for the search existed." (21 Cal.App.3d at p. 713.) In the light of our subsequent opinions in *People* v. *Superior Court [Simon]* (1972) *ante,* page 186 [101 Cal.Rptr. 837, 496 P.2d 1205] and *People* v. *Miller* (1972) *ante,* page 219 [101 Cal.Rptr. 860, 496 P.2d 1228], the quoted language from *People* v. *Shaw* must be limited to cases in which the "other valid ground for search" is subjectively present at the time of search and properly presented to the trial court.

*Miller* (1972) *ante,* pp. 219, 227 [101 Cal. Rptr. 860, 496 P.2d 1228]: *Reinert* v. *Superior Court* (1969) 2 Cal.App.3d 36, 42 [82 Cal.Rptr. 263].)

On the record before the superior court on defendant's motion to suppress, the People have failed to meet their burden of showing justification for the warrantless search of the trunk of defendant's automobile. Defendant is therefore entitled to a writ of mandate directing the superior court to set aside its previous order and to grant his motion to suppress the evidence discovered in the trunk of his car.

Let a peremptory writ of mandate issue as prayed.

Wright, C. J., Peters, J., and Sullivan, J., concurred.

**BURKE, J.**—I concur under compulsion of *People* v. *Superior Court* [*Simon*] *ante,* page 186 [101 Cal.Rptr. 837, 496 P.2d 1205] and *People* v. *Miller, ante,* page 219 [101 Cal.Rptr. 860, 496 P.2d 1228].

**McCOMB, J.**—I dissent. I would deny the writ.