[Crim. No. 14333. First Dist., Div. Three. Mar. 1, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN D. JORDAN, Defendant and Appellant.

**COUNSEL**

Richard A. Bancroft and M. Gerald Schwartzbach for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Morris Lenk, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DRAPER, P. J.**—Police Officers Price and Lawrence received a radio call reporting a possible family dispute and "a man with a gun" at 15 and 20 Apollo Street. Officer Price testified that the listing of two addresses indicated that "more than one person had initiated a call." Upon arrival in the area, Officer Price observed a police car, unoccupied, in the neighborhood of No. 20. (Other evidence established that officers in another patrol car, answering a slightly earlier call, had left their car and taken cover when appellant pointed a rifle at them from across the same street.) Price saw a man in front of No. 15 pointing a rifle down the street and in the direction of that police car. As the patrol car stopped, the rifleman [appellant] turned and ran into the house at No. 15, carrying the rifle. The officers approached and after peering into the house through the door appellant had left open, Price entered. He saw appellant,

unarmed, coming down a hallway from the rear. When Price asked where the gun was, appellant answered that he did not have a gun, and that what Price had observed was a broomstick. Appellant was taken into custody by one officer, and Price went down the hall from which appellant had come. In a bedroom opening off the hall he found a rifle under the bed. Appellant moved to suppress evidence of the rifle. The motion was denied, he pleaded guilty to two lesser misdemeanor offenses and was admitted to three years probation on condition he serve 45 days in county jail. He appeals, urging error in denial of his motion to suppress.

It is quite true that entry of the bedroom cannot be justified as a mere incident to the arrest of appellant. (*Chimel* v. *California,* 395 U.S. 752, 763 [23 L.Ed.2d 685, 694, 89 S.Ct. 2034]; *Mestas* v. *Superior Court,* 7 Cal.3d 537, 541 [102 Cal.Rptr. 729, 498 P.2d 977].) ■ Routine searches cannot extend beyond the room in which the suspect is arrested [here the living room or the hall], but "the *facts and circumstances of the case* may nevertheless permit entry of other parts of the house." (*People* v. *Bagwell,* 38 Cal.App.3d 127, 131 [113 Cal.Rptr. 122].)

Our Supreme Court has approved entry of rooms of a house beyond that in which arrest is made to seek others "who were involved in the offenses charged, or who might pose a security risk for the arresting officers." (*People* v. *Block,* 6 Cal.3d 239, 245 [103 Cal.Rptr. 281, 499 P.2d 961].) A later decision more strongly emphasizes the element of risk to the officers as warranting entrance of other rooms. (*Guidi* v. *Superior Court,* 10 Cal.3d 1 [109 Cal.Rptr. 684, 513 P.2d 908].)

Here, the officer did not seek mere contraband. In light of appellant's known possession of a firearm only seconds earlier, Price had urgent reasons to seek the gun. "What is 'probable' in the case of a weapon must be tested by different standards from those which apply to other objects." (*People* v. *DeLong,* 11 Cal.App.3d 786, 792 [90 Cal.Rptr. 193]; *People* v. *Green,* 15 Cal.App.3d 766, 772 [93 Cal.Rptr. 433]; see also *People* v. *Superior Court (Peebles)* 6 Cal.App.3d 379 [85 Cal.Rptr. 803].)

Appellant argues that because he was under arrest and in the custody of Officer Price's partner, Price had no reason to fear use of the gun against himself or others. But the officer knew that his radio call was for a "family dispute"—obviously not a one-man affair. Moreover, he testified that receipt of a radio alert for a man with a gun at two addresses indicated two such initiating calls in the same neighborhood.

In this situation, he would have been foolishly naive to overlook the possibility that the gun, so recently disappeared from appellant's possession, was in the possession of another. Appellant points to the absence of a direct statement by Price that he thought one or more others than appellant were in the house. But Price said he sought the weapon because he did not know whether others were in the house. The decisions require that the officer's reasons be articulable—not that they be articulated by him with the precision and directness of a Fowler or other specialist in English usage. ■ The officer's statement necessarily showed that he feared the presence of other possible users of the gun. The trial court, upon ample evidence, found this apprehension justified by the facts known to the officer. The motion to suppress was properly denied.

Judgment affirmed.

Brown (H. C.), J., and Devine, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.