Filed 11/21/25  Dupre v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| EDWARD DUPRE,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | F087612<br><br>(Super. Ct. No. PCF439950A)<br><br>**OPINION** |

-ooOoo-

ORIGINAL PROCEEDINGS; alternative writ of mandate.  Juliet L. Boccone, Judge.

Erin Brooks, Tulare County Public Defender, Ronald Westphal, Assistant Public Defender, and Storm Harris, Deputy Public Defender, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Senior Assistant Attorney General, Darren K. Indermill, and Kari Ricci Mueller, Deputy Attorneys General, for Respondent.

-ooOoo-

## INTRODUCTION

In 2023, an officer initiated a traffic stop and arrested the passenger in that vehicle, petitioner Edward Eugene Dupre.  Petitioner was arrested based on an outstanding misdemeanor arrest warrant.  Methamphetamine was discovered in his possession.

During the traffic stop, the officer learned that petitioner had a suspended driver's license.  The officer had earlier seen petitioner driving a Dodge with expired registration tags.  Petitioner had parked his Dodge in a shopping center parking lot just before riding away in the second vehicle as a passenger.  After arresting petitioner, the officer went back to that shopping center and impounded the Dodge.  During an inventory search, additional methamphetamine and other paraphernalia were discovered.

The superior court denied petitioner's motion to suppress.  Petitioner filed a writ of mandate and/or prohibition in this court.  We previously upheld the denial of petitioner's motion to suppress as to the evidence found on petitioner's person, but we issued an alternative writ concerning the warrantless search of the Dodge.

Having now received full briefing, we conclude the superior court did not err.  Law enforcement was authorized by statute to impound the Dodge, and that seizure was reasonable under the totality of the circumstances.  Because the Dodge was lawfully impounded, the ensuing inventory search did not violate the Fourth Amendment of the United States Constitution.  Accordingly, we discharge the order to show cause and deny the petition.

## BACKGROUND

The facts underlying the search and seizure are taken from testimony from the preliminary hearing and the hearing on the motion to suppress.

### I.      The Search and Seizure of Petitioner's Vehicle.

On March 22, 2023, at approximately 9:30 p.m., a police officer observed petitioner driving a Dodge with expired registration tags.  Petitioner drove into a

shopping center parking lot, parked the Dodge, and entered nearby businesses. A short time later, a Kia arrived, and petitioner got into the passenger seat.

The Kia drove away and the officer followed it. The officer testified that petitioner's "actions" had appeared "suspicious" to him. The officer said he did not initially contact petitioner at the shopping center because he "just wanted to wait and see what [petitioner] would do."

The officer followed the Kia for approximately four miles before initiating a traffic stop. After stopping the car, the officer observed signs that suggested both the driver and petitioner were under the influence of a stimulant. After conducting a warrants check, the officer learned that petitioner had an outstanding misdemeanor warrant and a suspended driver's license. Petitioner was arrested. A search of his person revealed methamphetamine, a digital scale, and cash. A search of the Kia uncovered a glass pipe. After advisement of constitutional rights, petitioner admitted to the officer that he had purchased methamphetamine that day and had ingested it. He also admitted that the Dodge parked at the shopping center belonged to him. He said he lived in that car.

Following petitioner's arrest, the officer returned to the shopping center parking lot where the Dodge remained. The officer impounded the vehicle and conducted an inventory search. Inside the Dodge, he found additional methamphetamine, packaging material, and a paper pad with a list of names that appeared to be "a pay owe sheet for drug transactions."

II. **Petitioner Files a Writ in this Court.**

In October 2023, an information was filed against petitioner, charging him with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and possession of methamphetamine for sale (Health & Saf. Code, § 11378).

3.

In December 2023, petitioner moved to suppress evidence under Penal Code section 1538.5.  In January 2024, the trial court denied the motion.  Regarding the search of the Dodge, the court reasoned that petitioner had been arrested and, as a result, his Dodge had to be impounded and searched.  The court stated that law enforcement "had to do something about the [Dodge]" and "you can't leave [the Dodge] on the street if he's going to be arrested."

In February 2024, petitioner filed in this court a petition for writ of mandate and/or prohibition.

On September 25, 2024, this court upheld the denial of suppression as to the search of petitioner's person.  We determined that, although the officer "likely did not have a valid legal basis" to stop the Kia, "any taint from the stop was attenuated by the officer's discovery of petitioner's outstanding misdemeanor arrest warrant."[1]  As a result, we held that "the trial court's denial of petitioner's [motion to suppress] obtained by the search of his person was not erroneous and will be left undisturbed by this court."  However, we concluded there was no probable cause to justify the warrantless search of the Dodge under the automobile exception.  We issued an alternative writ directing the superior court either to vacate its January 19, 2024, order denying suppression of the Dodge evidence or to show cause why relief should not issue.

In January 2025, the superior court reaffirmed its prior ruling that the Dodge search was constitutional, and it elected to show cause.  On March 21, 2025, the lower court issued a further order again electing to show cause.

On June 3, 2025, this court issued an order to show cause (OSC) and set a briefing schedule.  Having received full briefing, we now address the parties' contentions.

---

[1]     The grounds for initiating the traffic stop were previously briefed and litigated. We omit those facts, which are no longer relevant to the issues before us.  In December 2024, the California Supreme Court denied review of our order regarding the legality of the traffic stop.

## DISCUSSION

**I.      Petitioner's Fourth Amendment Rights Were Not Violated When the Officer Seized and Searched the Dodge.**

Petitioner argues that the officer violated his rights under the Fourth Amendment when he impounded and searched his Dodge without a warrant. He contends that the officer seized his vehicle with the intent to search it for contraband. He asserts that the trial court's order denying his suppression motion should be reversed with respect to the contraband discovered inside his Dodge.

Respondent disagrees, asserting that the impoundment of the Dodge was authorized by statute, and the subsequent inventory search did not violate the Fourth Amendment. According to respondent, the trial court correctly denied the suppression motion.

As explained below, respondent's position is correct. The statutory authority to impound the Dodge was clear, its removal did not violate the Fourth Amendment, and the ensuing inventory search was constitutional.

### A.      *The standard of review.*

In reviewing a ruling on a motion to suppress, we rely on the trial court's express and implied factual findings, provided they are supported by substantial evidence, to independently determine whether the search was constitutional. (*People v. Brown* (2015) 61 Cal.4th 968, 975.) "Thus, while we ultimately exercise our independent judgment to determine the constitutional propriety of a search or seizure, we do so within the context of historical facts determined by the trial court." (*People v. Tully* (2012) 54 Cal.4th 952, 979.)

### B.      *An overview of the applicable law.*

The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures by government actors. (U.S. Const., 4th

Amend.)  This right is enforceable against the states through the due process clause of the Fourteenth Amendment.  (*People v. Williams* (1999) 20 Cal.4th 119, 125.)

A warrantless search or seizure is presumed unconstitutional, and the government bears the burden of establishing that its action fell within an exception to the warrant requirement.  (*People v. Rogers* (2009) 46 Cal.4th 1136, 1156.)  Whether a seizure is reasonable is evaluated under the totality of the circumstances.  (*South Dakota v. Opperman* (1976) 428 U.S. 364, 373; *People v. Rogers, supra,* at p. 1160.)

The impoundment of an automobile constitutes a seizure within the meaning of the Fourth Amendment.  (*Miranda v. City of Cornelius* (9th Cir. 2005) 429 F.3d 858, 862.)  Although automobiles fall within the reach of the Fourth Amendment, they are treated differently from homes or offices.  In some situations, vehicles may be impounded without a warrant when removal serves a " 'community caretaking' " or "public safety" function.  (*South Dakota v. Opperman, supra,* 428 U.S. at p. 368–369; see also *Halajian v. D & B Towing* (2012) 209 Cal.App.4th 1, 15 (*Halajian*).)

### C.  *The officer was authorized to impound petitioner's Dodge and that decision was constitutionally reasonable.*

Petitioner argues that his Dodge was legally parked in a private shopping center, posed no hazard, and was not at risk of theft or vandalism.  He asserts that the community caretaking doctrine did not authorize the police to impound his vehicle.  We disagree.  The officer was statutorily authorized to impound the Dodge, and that decision was reasonable under the totality of the circumstances.

#### 1.  The statutory authorization under Vehicle Code section 14602.6.

The Vehicle Code authorizes law enforcement officers to impound a vehicle when a person has been driving with a license suspended or revoked.  (Veh. Code, § 14602.6, subd. (a)(1).)[2]  That authority applied here.  The undisputed evidence shows that the

---

[2]  All future statutory references are to the Vehicle Code unless otherwise stated.

officer observed petitioner driving the Dodge and later confirmed that petitioner's license was suspended. Petitioner was taken into custody on an outstanding arrest warrant. After learning of the suspension, the officer returned to the parking lot and impounded the Dodge expressly pursuant to section 14602.6. On this record, the impoundment was statutorily authorized.

### 2. The decision to impound was reasonable under the circumstances.

Even when an impoundment is statutorily authorized, the Fourth Amendment nevertheless requires that it also be reasonable under the totality of the circumstances. (*Miranda v. City of Cornelius, supra,* 429 F.3d at pp. 864–865.) "An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." (*Id.* at p. 865.)

Here, the officer's decision to impound the Dodge was objectively reasonable. Once petitioner was arrested, he could not safeguard or remove his vehicle.[3] The record contains no indication that any licensed third party was available or authorized to retrieve it from the shopping center lot. Given that the arrest occurred after 9:30 p.m., it was reasonable for the officer to conclude that petitioner would not be able to make lawful arrangements to remove the vehicle in the near term. With those circumstances, leaving the Dodge unattended overnight in a large commercial lot was not a practical or reasonable option.

---

[3] Respondent relies on section 22651, which authorizes impoundment when a driver is arrested. (See § 22651, subd. (h)(1).) Section 22651 does not appear to directly control here because petitioner was not arrested at the time he was driving the Dodge. Nevertheless, this statute reflects a recognition of the need to secure vehicles when a driver is taken into custody. Petitioner's arrest at a different location did not negate the officer's obligation to address the unattended vehicle.

The Dodge also displayed expired registration tags. While the record does not confirm whether the registration had fully lapsed, the presence of expired tags reasonably supports an inference that the Dodge was not lawfully registered at the time and therefore could not be legally driven until the defect was corrected. An unregistered car may not be lawfully operated on California roadways. (§ 4000, subd. (a).) Likewise, an unregistered vehicle may not be left in a public parking facility, including one "held open for the common public use of retail customers." (*Id.* at subd. (a)(2)(B).) This court has previously observed that impounding an unregistered auto serves a community caretaking purpose because such a vehicle cannot lawfully be driven by anyone. (*Halajian, supra,* 209 Cal.App.4th at p. 16.)

Petitioner argues that the officer's decision to impound the Dodge was a pretext for a contraband search rather than a legitimate exercise of the community caretaking function. Petitioner notes that the officer purposefully followed the Kia to see what petitioner was doing, petitioner admitted to the officer that he had purchased methamphetamine that day, methamphetamine was found on petitioner's person, and petitioner told the officer that he lived in the Dodge. From all this evidence, petitioner contends it is "common sense" to see that the officer only used the impound as a pretext to search for additional contraband. This argument is unpersuasive.

Even if some evidence from this record could support such an inference, that is not enough to establish a constitutional violation. "[T]he United States Supreme Court has made clear that an officer's subjective intent plays no role in the Fourth Amendment inquiry. 'An action is "reasonable" under the Fourth Amendment, regardless of the individual officer's state of mind, "as long as the circumstances, viewed objectively, justify [the] action." [Citation.] The officer's subjective motivation is irrelevant.' " (*People v. Ovieda* (2019) 7 Cal.5th 1034, 1052; see also *South Dakota v. Opperman, supra,* 428 U.S. at p. 373 [an objective standard is used]; *People v. Rogers, supra,* 46 Cal.4th at p. 1160 [accord].) Considering the totality of the circumstances—

petitioner's invalid license, his arrest, the vehicle's expired registration tags,[4] the evening hours, and the absence of any lawful or practical means to remove the Dodge—the officer's decision to impound the vehicle was objectively reasonable and consistent with the caretaking purposes recognized by the Fourth Amendment. (See *South Dakota v. Opperman, supra,* 428 U.S. at pp. 368–369; *Halajian, supra,* 209 Cal.App.4th at p. 15.)

### 3. Petitioner's opinions are distinguishable.

Petitioner relies on four opinions to show that the community caretaking doctrine cannot apply in this matter. These cases do not assist him.

In *People v. Torres* (2010) 188 Cal.App.4th 775, the appellate court concluded that the deputy had been motivated to investigate the defendant, and nothing showed there was a community caretaking function for impounding the vehicle. The prosecution failed to show the vehicle was illegally parked, impeded traffic, was at risk of vandalism, or could not be driven away by someone other than defendant. (*Id.* at pp. 789–790.)

In *People v. Williams* (2006) 145 Cal.App.4th 756, the car was parked outside the defendant's home on a public street. (*Id.* at p. 762.) There was no immediate risk of theft or vandalism. Nothing showed that the car was blocking traffic or pedestrians. The defendant had a valid driver's license, and the car was properly registered. (*Id.* at pp. 762–763.)

In *People v. Lee* (2019) 40 Cal.App.5th 853, the People failed to show that the decision to impound the defendant's car served any sort of community caretaking

---

**4** This record is silent regarding when the Dodge's registration expired. We acknowledge that an unregistered vehicle cannot be the sole basis for any enforcement action "before the second month after the month of expiration of the vehicle's registration." (§ 4000, subd. (a)(4)(A)(i).) However, the Dodge's registration violation was not the basis for impounding petitioner's vehicle. Instead, the officer made it clear that he impounded the Dodge after learning petitioner did not have a valid license. The Dodge's unregistered status simply reinforces the point that the Dodge could not be lawfully driven, and it was not legally parked. Under the totality of the circumstances, this further supports the reasonableness of the officer's decision to impound.

function.  (*Id.* at p. 868.)  "The car was parked in or alongside an apartment complex.  It was not blocking a roadway, the sidewalk, or a driveway."  (*Ibid.*, fn. omitted.)  The defendant offered to police to have someone else come pick up his car so it would not need to be impounded.  (*Ibid.*)  In addition, evidence supported the trial court's finding that law enforcement had impounded the vehicle as a pretext to look for incriminating evidence.  (*Ibid.*)

Finally, in *Blakes v. Superior Court* (2021) 72 Cal.App.5th 904, the appellate court found impoundment unjustified.  The vehicle had been legally parked in a public lot, and it posed no hazard.  The detectives' testimony had suggested the true purpose of the tow was motivated by an investigatory purpose rather than by any genuine caretaking concerns.  (*Id.* at p. 914.)

Petitioner's cited authorities share a common rationale: when a vehicle is lawfully situated and poses no hazard, impoundment cannot be justified under the community caretaking doctrine, particularly where the record suggests the impoundment was a pretext to search.  In contrast, the record in this matter does not establish any improper investigatory motive.  The officer arrested petitioner based on the arrest warrant, and the officer knew petitioner had been driving the Dodge, which was left unattended at the shopping center.  The officer impounded the Dodge because of petitioner's invalid license.  Given the late hour, petitioner's arrest, his invalid license, and the Dodge's invalid registration tags, the seizure was reasonable under the totality of the circumstances, making *Torres*, *Williams*, *Lee* and *Blakes* distinguishable.  The government has met its burden in establishing that the seizure of the Dodge fell within an exception to the warrant requirement.[5]

---

[5]    The trial court remarked that, because petitioner had been arrested, officers "couldn't just leave" the Dodge in the parking lot and therefore "had to impound it" and "search it pursuant to arrest."  Although these comments suggest the court may have focused on impoundment incident to arrest, we need not decide whether that was the precise doctrinal basis.  A ruling will be upheld if correct on any theory of law applicable

**D.** *The officer did not waive or forfeit his right to impound the Dodge.*

Petitioner contends the officer waived or forfeited any authority to impound the Dodge by choosing to follow the Kia instead of immediately dealing with the Dodge. According to petitioner, once the officer left the area of the Dodge, followed him in the Kia, and arrested him about four miles away, all authority over the Dodge ceased.

Petitioner relies on *Mestas v. Superior Court of Santa Clara County* (1972) 7 Cal.3d 537. This opinion provides no support for his position. *Mestas* addressed the temporal limits of a search incident to arrest. It held that, once police had taken the defendant to the police station, removing him from the vicinity of his car, the subsequent search of the car could not be considered incidental to the defendant's arrest. (*Id*. at p. 541.) *Mestas* did not hold—or even suggest—that an officer forfeits the authority to address a vehicle by simply taking other investigative steps before returning to it. Because *Mestas* involved neither vehicle impoundment nor the community caretaking doctrine, it is inapposite to the present situation. It is well settled that cases are not authority for propositions not considered. (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1134.)

Even setting *Mestas* aside, petitioner's argument fails for a more fundamental reason. The statutory grounds for impounding the Dodge did not exist when the officer initially left the parking lot. At that point, the officer only knew that the vehicle displayed expired registration tags. It was not until petitioner was later arrested on an outstanding misdemeanor warrant and the officer learned that petitioner's driver's license had been suspended that the statutory prerequisites for impoundment were satisfied. Once those conditions were met, the officer returned to the location where the Dodge remained parked and impounded it based on those newly established facts.

_____

to the case, regardless of the court's stated reasons. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.) Because this record demonstrates that the seizure was reasonable under the totality of the circumstances, we affirm irrespective of the trial court's articulated rationale.

11.

Because the legal basis to impound the Dodge did not exist until petitioner was arrested and his lack of a valid driver's license was confirmed, there was nothing for the officer to "waive" earlier. Once those facts were established, the officer acted within his statutory authority in returning to secure and impound the Dodge. Consequently, we reject petitioner's argument that waiver or forfeiture occurred.

**E.** ***Law enforcement was permitted to conduct a warrantless inventory search of the Dodge.***

Once the Dodge was lawfully impounded, the officer was entitled to conduct an inventory search of its contents. Inventory searches are an established exception to the warrant requirement because they serve administrative and caretaking purposes rather than investigatory ones. (*Colorado v. Bertine* (1987) 479 U.S. 367, 371.) When a vehicle is impounded or otherwise in lawful police custody, it may be searched to secure or protect its contents. (*South Dakota v. Opperman, supra*, 428 U.S. at p. 373.) Nonetheless, it is well established that "an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." (*Florida v. Wells* (1990) 495 U.S. 1, 4.)

Nothing from this record reasonably suggests the officer's conduct was a "ruse" to discover incriminating evidence. Instead, the officer impounded the Dodge pursuant to express statutory authority after arresting petitioner and learning that he was not licensed to drive. The officer testified that an inventory search was conducted after the Dodge was impounded. The trial court impliedly credited the officer's testimony, stating that law enforcement "had to do something about the [Dodge]" once petitioner was arrested, emphasizing that the vehicle could not simply be left unattended. We will not disturb the court's credibility finding, because it was the trial court's role to evaluate the officer's credibility. (See *People v. Tully, supra,* 54 Cal.4th at p. 979.) The reasonable inferences to be drawn from this evidence is that the inventory search was conducted for legitimate

12.

caretaking reasons—to secure and document the Dodge's contents—rather than as a pretext for an evidentiary search.  Nothing in the record reasonably suggests otherwise.

Because the inventory search followed a lawful impoundment and served recognized administrative objectives, it did not require a separate showing of probable cause.  (*Colorado v. Bertine, supra,* 479 U.S. at p. 371.)  The Fourth Amendment requires reasonableness, not a warrant, when officers act under standardized caretaking authority to protect property.  (*Colorado v. Bertine,* at pp. 371–372.)  The trial court's findings and the uncontroverted testimony of the officer establish that standard was met here.  Accordingly, we reject petitioner's assertion that the search of his vehicle was unreasonable under the Fourth Amendment.[6]

### F.     *Our conclusion.*

Based on the totality of the circumstances, the officer's actions were objectively reasonable and consistent with the Fourth Amendment.  The Dodge was subject to impoundment because petitioner had been driving on a suspended license.  He was arrested based on an outstanding warrant, and the Dodge was left unattended in a commercial parking lot in the later hours of the day.  The Dodge's unregistered status underscores that it could neither be lawfully driven nor parked at the shopping center.  The officer acted under the authority of the Vehicle Code, and impounding this vehicle served recognized community caretaking purposes.  The ensuing standardized inventory

---

[6]     In our September 25, 2024, order, we noted that it appeared the automobile exception did not provide probable cause to search the Dodge, as there were no specific facts indicating contraband was inside.  Our prior observation was limited to the automobile exception analysis.  Now that we have concluded that the Dodge was properly impounded under the Vehicle Code—which was reasonable under the Fourth Amendment pursuant to the community caretaking doctrine—the subsequent inventory search was reasonable and did not require probable cause.  Thus, our prior pronouncement regarding the automobile exception does not alter our conclusion that the trial court's denial of the motion to suppress should be affirmed.

search required no probable cause.  Accordingly, the seizure and search were reasonable under the Fourth Amendment, and the trial court properly denied the motion to suppress.

## DISPOSITION

The order to show cause is discharged.  The trial court's order denying the motion to suppress is affirmed.  We deny the alternative petition for writ of mandate and/or prohibition.


LEVY, Acting P. J.

WE CONCUR:


PEÑA, J.


MEEHAN, J.


14.