Filed 6/23/22  P. v. Fewell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093957 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE018794) |
| v. | |
| CAMERON FEWELL, | |
| Defendant and Appellant. | |

A jury found defendant Cameron Fewell guilty of attempted carjacking (Pen. Code, §§ 664, 215, subd. (a)—count one)[1] and attempted kidnapping (§§ 664, 207, subd. (a)—count two).  The trial court sentenced defendant to 10 months in prison on count one (consecutive to a five-year term in another case), and a concurrent term of two years six months on count two.

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant contends on appeal that, under section 654, the trial court erred in imposing a concurrent sentence for attempted kidnapping because both crimes arose out of a single course of action. We agree and will direct the trial court to modify defendant's sentence by staying execution of the sentence imposed on count two.

## FACTUAL BACKGROUND

On the morning of November 23, 2020, Sylvia S. parked her car near her mother's house before going to work at the Sheraton Grand Hotel approximately five blocks away. When Sylvia turned off the engine, the doors automatically unlocked. Defendant opened the passenger side door and got in the car. He took out a pistol and pointed it at Sylvia. Defendant said, "You need to drive right now." Sylvia told defendant she would not drive him anywhere. She got out of the car and ran to her mother's house. When her mother let her in, Sylvia's brother-in-law called 911. Defendant followed her to the door but left after two or three minutes. Police officers responding to the call arrested defendant.

Defendant testified that on November 23, 2020, he was walking to the Sacramento Natural Foods Co-op where he worked as a security guard. He had locked himself out of his apartment and could not drive to work, charge his phone to request a Lyft or Uber, or contact his boss to say he would be late to work. Sylvia pulled up and defendant talked to her about needing to charge his phone. She nodded and defendant took this as a cue that it was all right for him to get in her car so he could charge his phone. Defendant had an air pistol in a holster that was poking him in the hip bone. He pulled the pistol out to place it on the floor. As he did so, Sylvia left the vehicle.

## DISCUSSION

Defendant correctly contends that the concurrent sentence on count two violates section 654 and should be stayed.

"Section 654 prohibits multiple punishment for multiple crimes which arise out of a single act or an indivisible course of conduct. [Citation.]" (*People v. Cole* (1985) 165

2

Cal.App.3d 41, 53 (*Cole*).) "When confronted with offenses within the ambit of section 654, the procedure is to stay the execution of sentence on all but one of the offenses subject to section 654. [Citation.]" (*Cole, supra*, at p. 53.)

As defendant points out, and the Attorney General acknowledges, the prosecutor in closing argument described the facts of attempted carjacking and attempted kidnapping in nearly identical terms. For the steps that constituted attempted carjacking, the prosecutor said: "We have [defendant] getting into her car unannounced, without permission. We have him pulling out a weapon and pointing it down at her. We have him telling her, 'You need to drive right now.' " For attempted kidnapping, the prosecutor explained: "Again, [defendant] gets into [Sylvia's] car unannounced, and he pulls out a weapon. He tells her that she needs to drive." The word "[a]gain" that prefaced this latter statement is telling. The prosecutor effectively told jurors that the same facts were involved in both charges.

The trial court was aware of the section 654 issue. At the sentencing hearing, defense counsel noted that the probation report recommended a consecutive term on the attempting kidnapping charge. Counsel told the court that he had provided cases on section 654 to the prosecutor and offered to provide them to the court. The court responded, "I don't need it because I don't intend to give him a consecutive term on Count 2." The court observed, "It's all one—the facts and circumstances are pretty closely matched between Count 1 and Count 2. I'm not going to say it's [section] 654. I'm just not inclined to give him a consecutive term on that count."

To the extent the court sought to address the section 654 issue by ordering that the sentence on count two be served concurrently "under section 654, concurrent sentences for such offenses are prohibited, since they may have collateral consequences amounting to increased punishment." (*Cole, supra*, 165 Cal.App.3d at p. 53.)

The Attorney General urges us to remand for resentencing because "it is also possible that the court could have believed there were separate intents behind the crimes."

3

The Attorney General, however, has skipped a step in determining the applicability of section 654, which is a two-step process. First, we "consider if the different crimes were completed by a 'single physical act.' [Citation.] If so, the defendant may not be punished more than once for that act. Only if we conclude that the case involves more than a single act—i.e., a course of conduct—do we then consider whether that course of conduct reflects a single ' "intent and objective" ' or multiple intents and objectives." (*People v. Corpening* (2016) 2 Cal.5th 307, 311 (*Corpening*).) "Whether a defendant will be found to have committed a single physical act for purposes of section 654 depends on whether some action the defendant is charged with having taken separately completes the actus reus of each of the relevant criminal offenses. [Citations.]" (*Corpening, supra*, at p. 313; *People v. Beamon* (1973) 8 Cal.3d 625, 637 [" 'the applicability of section 654 will depend upon whether a separate and distinct act can be established as the basis of each conviction . . . .' "].)

The Attorney General does not explain how defendant committed more than a single act, i.e., separate acts that form the actus reus for attempted carjacking versus attempted kidnapping. Indeed, in *Corpening*, the California Supreme Court held that "the forceful taking of a vehicle on a particular occasion is a single act under section 654" (*Corpening, supra*, 2 Cal.5th at p. 313), in that the same action committed by the same person at the same time completed the actus reus for robbery and carjacking. (*Id*. at pp. 313-314.) Here, the same act—entering the car and ordering Sylvia to drive at gunpoint—accomplished both of the offenses of attempted carjacking and attempted kidnapping, as the prosecutor told the jury in closing. Since "a single physical act served as the basis for convicting defendant of two separate crimes," we need not reach step two

4

of the section 654 question, i.e., whether multiple intents and objectives were involved.[2] (*Corpening*, at p. 316.*)*

## DISPOSITION

The trial court is directed to modify defendant's sentence by staying execution of the sentence of two years six months on count two under section 654. The trial court is further directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment that reflects the modified sentence. As modified, the judgment is affirmed.

           KRAUSE        , J.

We concur:

    HULL        , Acting P. J.

    MAURO      , J.

---

[2] The Attorney General acknowledges that in refusing to apply section 654, the trial court's "reasoning is unclear and unexplained." In *Corpening*, the court observed that "[t]o facilitate meaningful appellate review, the better practice is for trial courts to state on the record their reasons for concluding that multiple offenses are or are not separately punishable under section 654." (*Corpening, supra*, 2 Cal.5th at p. 316, fn. 6.)